## ANKENY v. THE FAIRVIEW MILLING CO.

PRACTICE—TRANSCRIPT ON APPEAL FROM AN ORDER ON A MOTION.—Affidavits or other documents, properly filed and considered by the court below, on the hearing of a motion for an order, allowing a warrant to issue to the sheriff, for the abatement of a private nuisance, under sec. 330 of the civil code, constitute parts of the record of such proceeding, without being made such by a bill of exceptions.   There is no technical record or "judgment roll" in such cases, the statute not having prescribed of what it shall consist; therefore it included *all* papers properly filed in the court below.

NUISANCE—PRIVATE, TO BE ABATED BY THE SHERIFF.—Unless it appears on the hearing of such motion that the nuisance has ceased, or that the remedy by abatement would be inadequate, it becomes the imperative duty of the court to order the issuance of the warrant.   The court has no authority to direct the defendant to abate the nuisance established on the trial, or prescribe the mode in which it shall be done.   Its jurisdiction extends, in a proper case, to making the order allowing the warrant to issue, only leaving to the officer the responsibility of executing it properly.

IDEM.—It is the duty of the sheriff under such warrant to abate the nuisance with as little injury to the defendant as possible.   For any unnecessary damage he would be liable to the injured party.

DAMAGES—PROCEEDINGS OF COURT AFTER JUDGMENT.—In an action for damages for a private nuisance, where the plaintiff recovers a verdict, and judgment is entered thereon in his favor, and the record does not show on its face the particular nuisance established by the verdict, it is competent for the court in which the trial was had, in making the order allowing a warrant to issue for its abatement, to identify such nuisance by means of its own knowledge of the evidence introduced on the trial, and applicable to the issues made in the pleadings.

APPEAL from Marion County.

*Shaw & Burnett*, for appellant.

Issue was joined in the pleadings upon the question as to

whether or not defendant's ditch was a nuisance to plaintiff. Such being the case, we contend that the general verdict of the jury "for the plaintiff" was a decision of all the issues of the action in favor of the plaintiff—among others, that the ditch was a nuisance. (Code, p. 261, sec. 766, subd. 18; *Torrence* v. *Strong*, 4 Or., 39; *Reed* v. *Gentry*, 7 Or., 497.)

In addition to this, the section of the code under which the action was brought, expressly authorizes the allowance of a motion to abate the nuisance whenever the plaintiff shall recover a judgment for damages, and says such motion "shall be allowed of course." (Code, p. 179, sec. 330.)

The existence of the nuisance having thus been established by the result of the trial, it was the plain duty of the court below, under sec. 330, *supra*, on motion of plaintiff to that end, to grant an order allowing a warrant to issue to the sheriff directing him to abate the nuisance. (*Marsh* v. *Trullinger*, 6 Or., 356; *Burge* v. *Underwood*, 6 Cal., 45; *Weimar* v. *Lowery*, 11 Cal., 104.)

A general verdict is sufficient foundation for such a motion. (*Blood* v. *Light*, 31 Cal., 115.) We think the court below, in the absence of a cross motion and undertaking by the defendant, (code, sec. 332) should have ordered a warrant for a general abatement to issue, and that not to the defendant, but to the sheriff.

*J. A. Stratton*, for respondent.

The jury found simply that plaintiff was damaged $10. It is a well established principle that a person whose land is unlawfully flowed by another has no right to do any unnecessary injury to the adverse party. He may abate the nuisance, but that may be a very different thing from the total destruction of the ditch or dam that caused it. The abatement should be limited to its necessities, and should

do the least practicable injury to the object which creates the grievance. (*State* v. *Moffett*, 1 Green., 247; *id.*, 348.) Upon the allegations of the complaint taken in conjunction with the trivial amount of the damages found by the jury the natural inference would be that the ditch was not a nuisance at all, but that the plaintiff had been only nominally damaged by some casual and temporary neglect of the plaintiff. (*Bloomhuff* v. *The State*, 8 Blackf., 204; *Brightman* v. *Bristol*, 65 Me., 429.)

The statute provides (code, p. 179, sec. 330) that "if judgment be given for the plaintiff in such action (*i. e.*, for damages) he may, in addition to the execution to enforce the same, on motion, have an order allowing a warrant to issue to the sheriff to abate such nuisance." It was sufficient for the court to pronounce the judgment of the law. The award of execution need not be mentioned in the judgment, for it is the consequence of the judgment. The issuance of the execution is a mere ministerial act to be performed by the clerk. No special form of judgment was necessary. (*Lewis* v. *Watrous*, 7 Neb., 478; *Church* v. *Crossman*, 41 Iowa, 373; *Barrett* v. *Garrigan*, 16 Iowa, 47.)

By the Court, WATSON, C. J.:

This action was brought under the provisions of title 2 of chap. 4 of the civil code, for damages alleged to have been caused by a private nuisance, affecting the use and enjoyment of real property. Section 330 of this title is as follows: "Any person whose property is affected by a private nuisance, or whose personal enjoyment thereof is in like manner thereby affected, may maintain an action at law for damages therefor. If judgment be given for the plaintiff in such action, he may, in addition to the execution to enforce the same, on motion, have an order allowing a warrant

to issue to the sheriff to abate such nuisance.   Such motion must be made at the term at which judgment is given, and shall be allowed of course, unless it appear at the hearing that the nuisance has ceased, or that such remedy is inade-quate to abate or prevent the continuance of the nuisance; in which latter case the plaintiff may proceed in equity to have the defendant enjoined."   The complaint was filed September 12, 1881.   After alleging the incorporation of the respondent, the appellant's ownership, in fee simple, and possession of the premises described therein since October 8, 1879, the complaint charges, " that defendant has contin-uously, since the first day of November, 1879, maintained and kept in operation, and does now maintain and keep in operation, upon and adjoining to plaintiff's said lands, a large ditch full of water; that all of plaintiff's said lands lying adjacent to said ditch are now and at all the dates herein mentioned, have been used and occupied by plain-tiff for agricultural purposes; that between the 1st day of November, 1879, and the 1st day of May, 1881, by rea-son of the negligence and carelessness of defendant, in the construction and management of its said ditch, the drainage of plaintiff's said lands was greatly obstructed and impaired, and a large portion of plaintiff's said lands was overflowed with water, and rendered wholly unfit for cultivation, and plaintiff's growing grain thereon was destroyed, to the dam-age of plaintiff in the full sum of one thousand dollars; that by reason of the defective and improper construction of said ditch, and the negligence and carelessness of defendant in the management thereof, said ditch has become, and now is, a nuisance, and continual cause of damage to plaintiff, for the reason that it continually obstructs the natural and necessary drainage of plaintiff's said lands, and often causes a large portion of said lands to be overflowed with water;

that plaintiff has often requested and notified defendant, prior to the commencement of this action, to abate said nuisance, and to so repair and change said ditch that plaintiff would not be damaged thereby, but defendant, though so requested and notified as aforesaid, fails, neglects and refuses to abate said nuisance." The prayer is for judgment for one thousand dollars damages, together with costs and disbursements of the action, and for an order that said nuisance be abated.

Most of the material allegations in the complaint are denied in the answer. In addition to the denials, the answer, contains some averments of new matter as separate defenses which are put in issue by the reply. The issues thus formed were tried by a jury, and a general verdict returned for the appellant, assessing his damages at ten dollars; for which amount the court rendered judgment in his favor. The appellant then moved the court for an order allowing a warrant to issue to the sheriff to abate such nuisance, under the provisions of the section above quoted, but specifying, in such motion, the particular mode of executing such warrant. To this motion he added another upon the same sheet of paper as follows: "Plaintiff further and separately moves the court to grant an order allowing a warrant to issue to the sheriff of Marion county, Oregon, directing him to abate the nuisance complained of in plaintiff's complaint as being caused by defendant's ditch; this further and separate motion being based upon the judgment given for the plaintiff in this action." Upon the hearing of this motion, affidavits were introduced on behalf of the appellant to show what changes and improvements in the respondent's ditch would be necessary to remove the nuisance complained of. The order determining the motion recites that the same was made by the court "after hearing the allegations and proofs

of the parties and the arguments of counsel, and viewing said ditch and the premises affected thereby." This order directed the respondent to cut its ditch to a specified depth and grade over one portion; to raise the embankment along another portion; to construct several flumes of certain dimensions, respectively, at various points specified in the order, and also a waste gate; and enjoined the defendant from using the ditch for conveying water to its mill until said nuisance should be abated as therein prescribed. From the decision of the court, on this motion the appeal is brought.

That an appeal will lie from such an order under section 525 of the code of civil procedure is not questioned. But the respondent claims that the affidavits filed upon the hearing of the motion in the court below, not having been made a part of the record by a bill of exceptions, cannot be considered here, but should be stricken out of the transcript. We have uniformly held that upon appeals from judgments and decrees, only the technical record or judgment roll, prescribed by section 269 of the code, could be considered. (*Oregonian Railway Co.* v. *Lynden Wright*, March term, 1882, p. 162 of this volume.) But on the other hand, where the statute has not prescribed what the record shall contain, as in the case of proceedings resulting in "final orders," which are neither judgments nor decrees, but which are to be deemed such for the purpose of review, under said sec. 525, we have held the record to consist of all papers and documents properly filed and before the court, in the proceeding below, under section 230. (*Page* v. *Finley*, March term, 1881.) The distinction clearly renders it necessary to overrule the motion to strike such affidavits from the transcript. The importance of retaining this portion of the transcript is apparent. Otherwise how could this court

determine, on the appeal, that it did not appear to the circuit court on the hearing of the motion for the order allowing a warrant to issue to the sheriff, to abate the nuisance complained of, that such nuisance had ceased, under section 330, above quoted? Or, that it did not appear on such hearing, that the remedy by abatement would be inadequate, under the same section? In either case it would not have been error in the circuit court to enforce the order allowing the warrant to issue. Without any record of what did appear at the hearing, we should be compelled to presume, in support of the correctness of the order appealed from, that one or the other of these facts did appear on the hearing of the motion.

With these affidavits before us, we have no difficulty in deciding that neither of such facts did so appear to the circuit court. The statute declares that in such a case the order directing the warrant to issue to the sheriff "shall be allowed of course." (Section 330, *supra*.) The circuit court did not allow such order in the case at bar. Its attempted directions to the respondent were in no sense the equivalent of such order, and were clearly beyond its jurisdiction. Its authority, in the premises, were derived from the statute, which permitted but one of two courses: Either to allow the order, or disallow it, as the facts developed upon the hearing of the motion rendered proper, in view of the provisions of said section. In the former case, the court was authorized by section 332 to stay the issuance of the warrant upon seasonable application by the defendant, and its giving an undertaking as therein prescribed, for a period not exceeding six months, to enable the defendant to abate the nuisance itself. But the court had no authority to direct the defendant to abate the nuisance, or even to stay the issuance of the warrant (assuming that this was a pro-

per case for the allowance of the order) except upon the conditions prescribed in the statute itself. The failure of the circuit court to allow the order upon the state of facts disclosed by the record in the case, was equivalent to a refusal. (*Thompson* v. *McKay*, 41 Cal., 221; *Johnson* v. *Murphy*, 17 Tex., 216.)

The fact that the appellant specified in one part of his motion for the order the particular mode in which he wished the court to direct the execution of the warrant, cannot be held to obviate the effect of such refusal. He was entitled to the allowance of the order for the issuance of the warrant, although he had no right to ask, and the court had no power to grant it, with qualification as to the manner of its execution in the hands of the sheriff. By asking too much, he certainly did not debar himself from insisting upon the relief he was clearly entitled to. The different matters embraced within the motion were readily severable. The position that the circuit court substantially granted the relief asked for in the appellant's motion, is plainly indefensible. It did not order the issuance of a warrant to abate the nuisance at all. It simply directed the defendant to abate it, in a particular mode prescribed by it—a direction it had neither authority to give, nor power to enforce. But it is further contended on behalf of the respondent, that the pleadings and verdict are of such a nature that the circuit court could not have determined what, if any nuisance was found by the jury to exist; and could not for this reason have specified any, in a warrant to the sheriff, had it ordered one issued so that the officer would know from the warrant itself what his duty was. There is, however, but one nuisance charged in the complaint, and that is *the ditch itself*. It is true it is alleged that the ditch has become such nuisance, through "improper and defective construction," "neg-

ligent and careless management," &c. But notwithstanding, it is the ditch itself, so constructed and managed by the defendant, that is alleged to be a nuisance. The ditch so constructed and managed by the defendant is alleged in the complaint to "obstruct the natural and necessary drainage" of the appellant's lands, and thereby cause a large portion of such lands to overflow with water; and the injury thus caused to his lands, he contends, renders the ditch itself a private nuisance. The fact that the defendant might so alter the construction and management of its ditch as to render it no longer objectionable, does not prevent its being considered a nuisance, in its existing state. If the ditch itself was operated in any manner it was capable of, by the defendant, actually caused the injury of which appellant complains, it was the nuisance; and any verdict for damages, however small, necessarily settled its character as such.

As to the ability or power of the circuit court to designate in its order allowing the warrant to issue the particular nuisance to be abated, there can be no serious question. That court is presumed to have knowledge of the evidence introduced on a trial before it, and whether any evidence was so introduced upon any particular material issue. The well established practice of *nisi prius* courts to direct non-suits where no evidence proper for the consideration of the jury has been offered, furnishes the most common illustrations of this jurisdiction. It is evident that proof of an overflow upon any portion of the lands of the appellant described in the complaint, caused by the ditch of the respondent obstructing the natural and necessary drainage of such lands, would establish appellant's case under the pleadings, leaving only the amount of damages to be settled by the jury. And under a general verdict, in a case of this nature,

where the issues are not, and need not be more particularly defined in the pleadings, we understand the rule to be that wherever evidence has been submitted to the jury as to any matter embraced within such issues, the general finding is to be deemed conclusive.

But it is nevertheless competent for the court in which the trial is had, to determine, in the discharge of its own proper functions, whether any evidence justifying a verdict as to any such particular matter, was submitted to the jury. Why the court should not take judicial cognizance of any facts relating to the introduction of evidence, in trials before them in actions of this character, when authorized by law so to do, while the same facts may be established by parol evidence in different actions where it becomes important to settle the precise boundaries of the previous adjudication, is difficult to understand. While the only form of plea in ejectment was the general issue, parol proof was always admissible, where the record was introduced, in a subsequent action between the same parties, to show the particular title actually litigated in the ejectment suit. (*Briggs* v. *Wells*, 12 Barb., 567; *Wood* v. *Jackson*, 8 Wend., 9.) Seward, Senator, in the course of his opinion delivered in the last case, says: "From the view I have taken of this case, not unsupported by authorities, I deduce this principle: that a former judgment may be given in evidence, with such parol evidence as is necessary to show the grounds upon which it proceeded; and that where such grounds, from the form of the issue, do not appear from the record itself, it is competent to prove the same, provided that the grounds alleged be such as might legitimately have been given in evidence under the issue, and such that when it is proved they were given in evidence, it appears by the verdict and judgment that they must have been directly and necessarily in ques-

tion, as the grounds of the verdict." It has also been held that parol evidence was admissible to show that upon the trial of a former action of trespass *quare clausum fregit*, the plea being *liberum tenementum*, the only evidence introduced tended to establish a trespass on a particular portion of the close, within which the trespass was alleged in ·the declaration to have been committed. (*Duncle* v. *Wiles*, 5 Denio, 296.) The statute makes it the duty of the court to order the warrant for the abatement of the nuisance to issue, "as of course," except in certain specified cases. (Section 330.) And this order is based on the verdict and judgment for damages, as plainly appears from the context. The hearing of the motion for such order provided for in said section, is for the purpose of ascertaining whether the nuisance has ceased, and if not, whether the remedy by abatement would be adequate. But the court must be able to determine from the record and its own knowledge of the evidence introduced on the trial, whether any, and if so what nuisance has been established. There is no other way provided in the statute, while a duty is enjoined rendering such determination necessary. And no good reason, it seems to us, can be assigned in opposition to this view.

In *Howard* v. *The State*, 6 Ind., 444, the same view is taken of the question, although arising in a somewhat different case. The point is thus stated and disposed of by Gookins, J., who delivered the opinion in the case: "A further objection taken to the information is, that it does not point out the particular locality of the house in which the liquors were sold. This objection is founded on the ninth section of the act for the punishment of misdemeanors (2 R. S. 1852, p. 429,) providing that on conviction of nuisance, the court *may* order the nuisance to be removed. That is not a necessary part of the judgment. The court may

order its removal or not at its discretion; and, in case of
such order, which must always be based upon the testimony
given at the trial, the court is competent to make the direc-
tion for its removal sufficiently specific to guide the officer
in the discharge of his duty. A description of the precise
locality is no necessary part of the information. The in-
formation gave no other description of the house than that
it was 'a certain house wherein,' &c. The court below
thus being enabled to embody in its order every matter
which should appear in the warrant for the sheriff's guid-
ance, there is no ground upon which its refusal to do so in
this case can be sustained. That the sheriff, in executing
such warrant, would be liable to the respondent for any in-
jury to its property beyond what might be found necessary
in effecting the abatement of the nuisance therein specified,
cannot be doubted." (*The State* v. *Moffett*, 1 Iowa, [G.
Greene] 247; *Moffett* v. *Brewer*, *id.*, 348.) The destruc-
tion of the portion of the ditch only, causing the overflow of
the appellant's lands, in the manner alleged in the com-
plaint, and established by the verdict and judgment, could
be justified under such warrant. On this point the decision
of this court in *Marsh* v. *Trullinger*, reported in 6 Or., p.
356, has been cited by the appellant. The decision in that
case was clearly correct. There was nothing in the record
on the appeal showing what evidence was introduced on the
trial in the court below. Whether the issue made in the
evidence there, was as to the entire dam, or only a portion
of it, being a nuisance, did not appear in the record on the
appeal, and in support of the order appealed from, which
directed a warrant to issue for the removal of the entire
dam, the former state of the evidence on the trial was to be
presumed. So far, however, as the motion is there advanced
that a general verdict for damages, in cases of this nature,

is conclusive that the entire thing alleged to have caused the damage and to be a nuisance, is such nuisance, irrespective of the character of the evidence introduced on the trial, we cannot acquiesce, and as it was not necessarily involved in the decision, we do not feel bound to follow it in opposition to our own convictions. The judgment must be reversed and the cause remanded for further proceedings in accordance with the foregoing views.

Judgment reversed.