[Filed May 4, 1885.

# E. P. WALTS ET AL. v. C. M. FOSTER ET AL.

INJUNCTION — HIGHWAY — OBSTRUCTION OF. — An injunction to prevent the obstruction of an alleged street or highway will not be allowed, unless the right to the use of the street or highway as such is admitted or has been established at law, or is clear and easy of ascertainment.

ID. — TEMPORARY INJUNCTION PENDING LEGAL PROCEEDINGS. — When the emergency is pressing, and a *prima facie* case is presented, a temporary injunction may be granted pending legal proceedings to determine the rights of the parties.

BAKER COUNTY. Defendants appeal. Bill dismissed without prejudice to plaintiffs' right to assert their rights at law.

The facts sufficiently appear in the opinion.

*T. C. Hyde*, for Respondents.

Where an adjoining lot owner has suffered special injury by the obstruction of a street, he may maintain suit; an injunction is the proper remedy. (*Kittle* v. *Pfeiffer*, 22 Cal. 484; *Williams* v. *Smith*, 22 Wis. 594.) Nor is absolute title to the lots necessary in such suit; ownership of the buildings and possession is all that is necessary. (*Williams* v. *Smith*, *supra*.)

*Haines & Williams*, and *Wm. M. Ramsey*, for Appellants.

It is necessary generally that a private person seeking an injunction to restrain a private nuisance first establish his right *at law*, and where the right is *doubtful* and *has not been established at law* an injunction will be withheld. (*Irwin* v. *Dixion*, 9 How. 29; *Mayor* v. *Curtiss*, Clarke Ch. 336; *Rhea* v. *Forsyth*, 37 Pa. St. 503; *Arnold* v. *Klepper*, 24 Mo. 273; *Porter* v. *Witham*, 17 Me. 292; *Mammoth, etc. Co's. Appeal*, 54 Pa. St. 183; *Van Bergen* v. *Van Bergen*, 3 Johns. Ch. 282; Code, § 330, p. 179.)

LORD, J.—This is a suit for an injunction to enjoin the defendants from obstructing an alleged street or highway. The plaintiffs base their right to the relief sought upon the ground that they are the owners and occupants of certain lands abutting such alleged street or highway; that they have a special interest in the uninterrupted and undisputed use of the same as indicated in their complaint; that said street or highway had been dedicated by their grantors to the public, and constituted a part of the consideration for their purchase of said lands; and that the defendants avow their purpose, and will, if not restrained, permanently obstruct the same by the erection of a fence and building thereon. The answer denies nearly all the allegations of the complaint, and sets up new matter, most of which is controverted by the reply.

There is but one question presented by this case, and that is, is the *locus in quo* a public street or highway? Has it been dedicated as such to the public? When this point is established or adjudicated, it is not disputed that if the plaintiffs, as adjacent owners, suffer an injury distinct from the public, as a con-

sequence of such obstruction, equity will afford relief and abate such nuisance. We are therefore confronted with the inquiry, at the threshold of the case, whether equity will intervene when the right to the use of the *locus in quo* is in dispute, and must first be investigated and judicially determined before the plaintiffs can be properly regarded as such adjacent owners, and entitled to the relief sought by reason of special injuries sustained or justly apprehended as a result of such obstruction. When the right to the use of the street is admitted, or easy of ascertainment, an injunction will be granted to restrain its obstruction by building a house thereon, in favor of adjacent owners, when such obstruction works a special injury to them. (*Corning* v. *Lowerre,* 6 Johns. Ch. 439; *Luhrs* v. *Sturtevant,* 10 Oreg. 171; *Shed* v. *Hawthorne,* 3 Neb. 179.) But where the right to the use of the street or highway has not been established at law, or is not clear nor easy of ascertainment, but is questioned and contested on every ground on which the plaintiff puts it, not only by the answer of the defendants, but by the proofs in the suit, the remedy by injunction will not be granted. (High Injunc. §§ 816, 820; 2 Story Eq. Juris. § 924, n.)

A brief reference to a few adjudicated cases and the authorities cited will illustrate this principle:—

In *Rhea* v. *Forsyth,* 37 Pa. St. 506, Woodward, J., in delivering the opinion of the court, said:—

"From these and many more authorities, which might be cited to the same effect, it is apparent that where the plaintiff's right has not been established at law, or is not clear, but is questioned on every ground on which he puts it, not only by the answer of the defendants but by the proofs in the cause, he is not entitled to remedy by injunction. It is not enough that he is able to produce some evidence of his right, when there is conflicting evidence that goes to the denial of all right. In such case the plaintiff should first establish his right in an action at law, and then come into chancery, if necessary, for the protection of the legally established right."

And again:—

"In the case before us the plaintiff rested his case on two

grounds: *First,* the use and occupation of the alley by several occupants of adjacent buildings for more than twenty-one years; and *second,* the joint dedication of several lot-owners of this alley in 1849 to their common use. But ' both grounds were denied by the defendant in his answer, and there was conflicting evidence in regard to both. It is not worth our while to go through and discuss the testimony, for the question of fact 'ought not to have been brought here for us to decide. Neither the equitable jurisdiction of the court below, nor our jurisdiction, can properly attach until the plaintiff has established his right at law. · Has the alley been in common use so long that the successors in the title may set up a presumption of a grant? If not, did the defendant dedicate it to the use of the plaintiff's lot? These are question for a court and jury to decide in an action at law."

See also *Bunnell's Appeal,* 69 Pa. St. 59; *Commonw.* v. *Rush,* 14 Pa. St. 192.

In *Green* v. *Oakes,* 17 Ill. 250, an injunction was granted for obstructing a public road, in which the answer denied that the road is a public highway, or has been used as such for twenty years. But the evidence showed that the road had been used as a public highway of the county, with the knowledge and consent of the owners of the land over which it runs, for more than twenty-one years, and had been worked and treated by the authorities having jurisdiction of roads as one of the public roads of the county. In fact, there was not only no conflict of evidence, but no evidence whatever against the existence and use of the road as alleged, which, for the purposes of the case, was practically admitted, and the remedy by injunction was sought to be avoided upon other grounds. In the course of his opinion Skinner, J., said:—

"If equity will grant relief by injunction in favor of an individual interested against one about to shut up the road, *and it is one of the public highways of the county,* then the Circuit Court should have made the injunction perpetual, instead of dismissing the bill. Although courts of equity will not interpose by injunction to prevent an obstruction of an alleged ease-

ment or way, or the creation of a nuisance or purpresture, when the right was *doubtful,* and there is a remedy at law, yet where the right is *clear* and appertains to the public, and an individual is directly and injuriously affected by the obstruction of the easement, or the creation of the nuisance, they will interfere on the application of such individual to prevent the threatened wrong or invasion of the common right."

And again :—

"Where the facts are easy of ascertainment, and the rights resulting therefrom free from difficulty, equity will grant relief, either at the suit of the public, or of the citizen having an immediate interest therein."

To the same effect is the case of *Keystone Bridge Co.* v. *Summers,* 13 W. Va. 485, in which the court say :—

"But if the right of the public to the use of the highway is clear, and a special injury is threatened by an obstruction of the highway, and this special injury is serious, reaching the very substance and value of the plaintiff's estate, and is permanent in its character, a court of equity, by an injunction, ought to prevent such nuisance."

See also *Dunning* v. *Aurora,* 40 Ill. 481; *Higbee* v. *Camden & A. R. & T. Co.* 20 N. J. Eq. 435; *Luhrs* v. *Sturtevant,* 10 Oreg. 174; Pom. Eq. Juris. §§ 1346, 1347, notes.

The general rule, therefore, would seem to be that where the existence of the right to the use of the highway as such is admitted, or the right is clear or easy of ascertainment, and free from all reasonable doubt, and the obstruction of it seriously affects the value and substance of an individual's estate, equity will afford relief by injunction. But, conversely, it will be refused. The jurisdiction of the court is exercised rather to protect acknowledged rights than to establish new and doubtful ones. "The court," said Ellsworth, J., "doubtless possesses the necessary power, but it is not to be exercised as a matter of course, even when the plaintiff suffers some injury to his real estate. Whenever the right is doubtful, or needs the investigation of a jury, a court of equity is always reluctant to interpose its summary authority, for it is rather the duty of the court to

protect *acknowledged rights* than to establish new and doubtful ones." (*Roath* v. *Driscoll*, 20 Conn. 538; *Burnham* v. *Kempton*, 44 N. H. 92.)

Now, what is this case? The facts disclosed by the record, which are uncontroverted, show that the lands purchased by the plaintiffs were sold by metes and bounds, and without reference to any plat made by the plaintiffs' grantor, upon which such alleged street was located. No lots or blocks were made by monuments on the ground, and no plat thereof was ever made or rendered; nor have the public authorities, to whom is intrusted the jurisdiction of public roads, ever worked or treated the alleged road or highway as a public street, but it is alleged in the complaint have neglected and refused to act upon the petition of the plaintiffs in the premises. Upon the question of dedication, we shall refrain from the expression of any opinion, except to say that the evidence is conflicting and hopelessly irreconcilable. Upon the one hand, the plaintiffs' evidence tends to show by acts and declarations that the *locus in quo* was dedicated as a public street, or at least as an easement to their common use as adjoining land-owners. The case in this regard is somewhat analogous to the facts in *Rhea* v. *Forsyth, supra.* And upon the other hand, the defendants claim to be the legal owners of the land in dispute, and with much evidence, endeavor to contradict and contest every ground upon which the plaintiffs put their right to the use as alleged. As applicable to this case, we adopt the language of the court in *Hacker* v. *Barton*, 84 Ill. 314, as peculiarly appropriate:—

"The evidence in this record is as conflicting and antagonistic as are the opposing interests of the parties litigant. Without intending to say anything that might in the slightest degree affect the right of either party in any action at law, we may say both propositions asserted and denied in the respective pleadings, viz., ownership of the land and the fact of dedication to public uses, are so much involved in doubt they ought to be made subjects of investigation in appropriate actions at law. Especially in regard to the alleged fact of the

dedication of the land to public uses, there is irreconcilable conflict in the testimony. That of one party must be rejected, and that is always a matter of great delicacy with the court trying cases as a chancellor. When the questions indicated upon which the whole controversy depends have been settled in a court of law, either party might appropriately invoke the aid of a court of chancery to prevent vexatious litigation in regard to the same subject-matter."

Where the emergency is pressing, and a *prima facie* case is presented, a temporary injunction may doubtless be granted until the legal right of the parties may be determined. But the object here is to make the injunction perpetual in the suit, the manifest object of which is to adjudicate title to the *locus in quo*. In cases of this character, when the rights of the parties are not clear, but involved in doubt and uncertainty, it presents a subject peculiarly appropriate for the investigation of a court and jury. The bill must therefore be dismissed, without prejudice to whatever rights the plaintiffs may desire to assert at law.