[Filed June 24, 1886.]

# L. V. KOTHENBERTHAL *v.* CITY OF SALEM CO.

NUISANCE — EFFECT OF VERDICT IN ACTIONS OF — WARRANT TO ABATE.— A verdict for the plaintiff in an action for a nuisance cannot have such conclusive effect as to make the issuance of a warrant for the abatement thereof a matter of course. It may appear to the trial court, from its own knowledge of the evidence in the case, that the nuisance has ceased, or if not, that the remedy by warrant is inadequate.

SAME — JURISDICTION OF EQUITY TO ABATE.— In such case, it may appear that the remedy in equity would be more effective, where all the rights of the parties could be investigated, and the decree framed with greater care, and more exact reference to the grievance complained of. THAYER, J., dissenting.

MARION COUNTY.    Plaintiff appeals.    Affirmed.

*W. H. Holmes,* for Appellant.

*Tilmon Ford,* for Respondent.

LORD, J.    This was an action under section 330 of the Civil Code for damages alleged to have been caused by a private nuisance affecting the use and enjoyment of certain real property owned by the plaintiff. The trial resulted in a verdict assessing the damages to the property at one hundred dollars. At this stage of the proceedings, the plaintiff filed a motion for judgment on the verdict, which was allowed, and also included in the same a further motion for an order directing a warrant to issue to the sheriff requiring him to abate the nuisance complained of, which, at a later day of the same term, after hearing, was refused and disallowed by the court. From the refusal of the court to make this order, the appeal is taken. The contention of the plaintiff is, that the verdict is conclusive of the fact that the ditch was a nuisance, and by reason thereof, it was error in the court to refuse to make an order directing the sheriff to abate it. The

adverse action of the court complained of was evidently based on the facts disclosed by the record, including, perhaps, its own knowledge of the evidence introduced at the trial, which showed that the nuisance had ceased, or that the remedy sought was inadequate to abate or prevent the continuance of the nuisance. Watson, J., said, in *Ankeny* v. *Fairview Milling Company*, that "the hearing of the motion for such order is for the purpose of ascertaining whether the nuisance has ceased, and if not, whether the remedy by abatement would be adequate." (10 Or. 400.) Now, on the record before us, it may be that the court was of the opinion that the nuisance had not ceased, and yet from the facts disclosed by the affidavits, and its own knowledge of the evidence introduced at the trial, became satisfied that the remedy sought was inadequate. In a word, that the remedy in equity would be more effective, where all the rights of the parties could be fully investigated, and the decree framed with greater care and more exact reference to the grievance complained of, or the nuisance to be abated. The court may have found, as asserted, that the nuisance had not ceased, nor the plaintiff waived her right to have it abated, and still consistently and lawfully refused to make an order for the warrant to abate it on the ground of its inadequacy. This would leave the door open to proceed in equity. It is not difficult to understand why, in such actions, the courts are not disposed to interfere in the summary way of abatement, when other remedies are not exhausted which can do more complete justice to the party injured. The verdict, then, cannot have such conclusive effect as to make the issuance of the warrant, or order for the warrant, by the court, a matter of course. To allow this would destroy all discretion in the court, and render the hearing upon the motion a nugatory and absurd proceeding.

In *Bemis* v. *Clark*, 11 Pick. 454, it was held, under a statute which provides that where a judgment shall be rendered for the plaintiff in an action on the case for a nuisance, "he *may*, on motion of the plaintiff, in addition to the common execution, issue a warrant to abate the nuisance," leaves it within the discretion of the court to grant or refuse such motion. Mr. Wood says: "It is proper to say, however, that courts hesitate to apply these statutory remedies, and do not generally encourage them; and parties, in a proper case, will find far more easy redress for their grievances from nuisances in a court of equity than in a court of law. Courts of law will always exercise their discretion in these matters, and so far as my researches have extended in that direction, I have found that it is only in extreme cases, even when the defendant has been convicted under an indictment therefor, that they will order the prostration or removal of a nuisance. They prefer to leave the parties to their redress before a tribunal of larger powers and more effective remedies, where all the rights and equities of the parties can be fully investigated. And this course is not one of doubtful wisdom, and has rapidly grown in favor within the last half-century." (Wood on Nuisances, sec. 843.) Now the facts disclosed at the trial, or at the hearing of the motion, may show that the nuisance has ceased, or is a continuing one, or that the remedy in such action is inadequate to effectively redress the grievance complained of, rendering a resort to equity necessary, as the case may be, and must be made in some way to appear upon the record before we can determine whether there has been any error committed. It is unquestioned that all of the facts are not before us which formed the basis of the court's action, and the record, therefore, is too incomplete to furnish sufficient *data*

upon which to adjudge error. The judgment must be affirmed.

WALDO, C. J., concurred.

THAYER, J. (dissenting.) This appeal is from a final order made by the Circuit Court for the county of Marion in an action at law after judgment. The action was commenced by the appellant against the respondent in the said Circuit Court on the twenty-sixth day of May, 1884. The appellant, in her complaint in said action, alleged that respondent was, and during all the times of the commission of grievances therein mentioned, had been a private corporation, organized under the laws of Oregon, and had an office for the transaction of business in the city of Salem, Marion County, which city was a municipal corporation, duly constituted by an act of the legislative assembly of the state of Oregon, approved October, 1862, and by subsequent acts amendatory thereof; that appellant was a married woman, and was, and had been during said time of the grievances before referred to, the owner in fee-simple of a certain parcel of real estate, situate in said city of Salem, and which appears from the allegations of the complaint to be a parcel of land bounded on the west by the east line of Commercial Street, and on the south by the north line of Division Street, two of the streets in said city; that its extent along said line of Commercial Street is 165 feet, and along said line of Division Street 182 feet and six inches; that there was situated upon the said premises the family residence, and other buildings suitable to the enjoyment thereof, including a barn at the south-east corner of the same next to said Division Street; also a large number of ornamental and fruit trees; that during the year 1883, the defendant, by its agents and servants,

wrongfully dug a large ditch, or canal, along said Division Street, past the appellant's said house, which ditch was about twenty feet wide and fifteen feet deep, and maintained a flowage of water of about ten feet in depth, and wrongfully caused the earth to be removed and thrown up on either side of the same, thereby raising an embankment of about six feet in height near the point of ingress and egress to the appellant's said barn and her said residence; that by reason of the said wrongful construction of said ditch, the appellant and her tenant have been greatly annoyed and inconvenienced in the use of her said property in going to and from the same, both on foot and with teams; that the water from said ditch constantly percolates through the earth into appellant's cellars; causes them to be constantly damp and foul, and in the winter season to fill with water; that by means of the percolating of said water from said ditch onto the appellant's premises, the ground is constantly soaked; the said trees are thereby greatly injured, and many of them have been killed; that said wrongful acts of said respondent create a nuisance to appellant's said property, to her damage of one thousand dollars, for which sum she demanded judgment.

The respondent filed an answer to said complaint, denying the allegations therein contained relating to the ownership of the property, and the alleged wrongful acts, and for a further defense thereto alleged that the city of Salem, under said acts of incorporation, had power to pass and make an ordinance, and on the twenty-sixth day of July, 1882, did duly authorize by an ordinance, duly passed by its common council, the said respondent to construct the said ditch for the purpose of conducting water from Mill Creek, in said city of Salem, to the flouring mills of said respondent, which were then being constructed in said city; and that the

said respondent, with the knowledge of one Fisher, who was, at the time said ditch was constructed by said premises, the owner in fee-simple of the same, and without any objection on his part, and with his consent, for the purpose of conducting water to its said flouring-mills, dug and constructed said ditch along said Division Street, as authorized by said ordinance; that proper care was used in the construction of said ditch, and to avoid damage to appellant, or any one.

The appellant filed a reply to said answer, in which she denied that the city of Salem had power or authority, under any act of legislature, or otherwise, to pass said ordinance, or that it did pass any such ordinance, and denied all the material allegations of new matter contained in said answer.

At the June term, 1884, of said Circuit Court, said issues were regularly tried by the court, and a jury duly impaneled to try the same. The said jury upon the trial thereof, returned a verdict in favor of the appellant, and against the respondent, for the sum of one hundred dollars. Subsequently to the rendition of the said verdict, and at the same term of court, the said appellant moved for judgment upon the verdict, and at the same time filed a motion for an order directing a warrant to issue to the sheriff directing him to abate the nuisance complained of. The Circuit Court gave judgment upon the verdict for damages, but overruled the motion for the order that a warrant issue, and the decision of said court in overruling the motion is the final order appealed from to this court.

It is provided in the Civil Code, section 330, that any person whose property is affected by a private nuisance, or whose personal enjoyment thereof is in like manner thereby affected, may maintain an action at law for damages therefor, and if judgment be for the plaintiff

OREG. XIII.—39

in such action, he may, in addition to the execution to enforce the same, on motion, have an order allowing a warrant to issue to the sheriff to abate such nuisance. Such motion must be made at the term at which such judgment is given, and be allowed as a matter of course, unless it appears on the hearing that the nuisance has ceased, or that such remedy is inadequate to abate or prevent the continuance of the nuisance.

It appears from the transcript herein, and other papers which accompany it, that upon the hearing of the said motion in the court below, the affidavit of W. M. Kaiser, Esq., one of respondent's attorneys, was read in opposition to the said motion, and the affidavit of W. H. Holmes, appellant's attorney, was read contradicting the part of the former affidavit which stated that appellant's said attorney in his statements at the trial, waived the right to have the alleged nuisance abated; also the affidavit of Mr. R. Ford, a brother of appellant, was read, to show that said premises of appellant were in the same condition as affected by the nuisance that they were at the time of the trial of the action. Copies of these affidavits have been sent to this court the same, doubtless, as the copies of six subpœnas to witnesses, which I find in the transcript. The clerk of the Circuit Court has prepared them and appellant's counsel has brought them up.

This kind of proceeding is heard upon motion after judgment. If the facts alleged in the complaint in an action for damages constitute a private nuisance affecting the property of the plaintiff, or affect his personal enjoyment of it, and he recovers a judgment for such injury, he may file the motion for an order to have it abated. The court which gives the judgment hears the motion the same as it would hear any other incidental matter in a case. The statute does not provide the character of proof that shall be submitted upon the hearing

of the motion; but the nature and importance of the investigation would seem to demand that it should be oral testimony. When such motion is made, the defendant has the right to claim that the facts alleged in the complaint do not establish the existence of such nuisance, or he may show as a matter of fact, that if such nuisance did exist it has ceased, or that the statutory remedy to abate it is inadequate. Affidavits may be used to prove certain facts. (See Civil Code, sec. 798.) They are only competent to make special proof in matters where the statute declares they may be used. They are *ex parte*, and in a case like the one under consideration, would be very unsatisfactory. The affidavits read on the motion herein referred to afforded no proof. Mr. Kaiser is one of the respondent's attorneys. He did not state in his affidavit that he had ever seen the premises, and his statement, "that the alleged nuisance complained of in said plaintiff's complaint had ceased to exist," was wholly argumentative evidently. He states, immediately following the above, that the said plaintiff or her tenants are not now annoyed or inconvenienced in the use of her said property in going to the same, or in going therefrom, or in any manner by reason of said ditch, *for the reason that it was proved on the trial of said cause,* that the embankment was not six feet in height, etc. His statement as to what was proved on said trial could only be hearsay evidence; it necessarily must have been what he heard the witnesses at the trial swear to. That was not evidence at all—was a mere hearsay statement. And his statement in regard to the Willamette Woolen Manufacturing Company was wholly irrelevant.

The affidavit of Robert Ford was only a conclusion, and Mr. Holmes did not attempt to state anything except to negative Mr. Kaiser's statement before referred to. The Circuit Court seemed to consider this attempted

proof on the part of the respondent as unimportant, as it found directly against it. But if affidavits could be employed in such a proceeding, they would form no part of the transcript on appeal. Such an order as the one appealed from herein is deemed, for the purpose of being reviewed, a judgment. (Civil Code, sec. 525.) And proofs offered upon the hearing of a motion in such a case must be incorporated into a bill of exceptions, otherwise the court's findings could not be questioned on the appeal. If an issue is made in such a case, the court should hear it, and decide whether or not the nuisance had ceased, or whether or not the remedy was adequate to abate or prevent the continuance of it. In this case, the court ordered and adjudged that the motion be overruled without making any finding, or giving any reason for the decision. The only question, therefore, for this court to consider is, whether the appellant was, under the circumstances of the case, entitled to the order applied for, and that must be determined from the allegations of the complaint in the action, and the fact of the recovery of the judgment. If the complaint showed that the acts of the respondent complained of amounted to a private nuisance, then a recovery in the action would, as a matter of course, under the statute before cited, entitle the appellant to the said order. The Circuit Court had no discretion to do otherwise in the absence of proof that the nuisance had ceased, or could not be abated by that remedy. There can be little if any doubt but that the allegations of the complaint in the action, taken as true, establish that the acts of the respondent and their consequences amounted to a nuisance. A nuisance is a wrongful act which operates as an annoyance; anything that worketh hurt, inconvenience, or damage. (See Jacob's Law Dict., tit. Nuisance.) The respondent's counsel did not claim that the acts complained of were

not a nuisance. He contended that it had ceased; that a
nuisance may have existed at the time alleged in the com-
plaint of the committing of the grievances complained
of, but did not exist when the trial was had. It is
true that the nuisance may have ceased, but the difficulty
is that we cannot presume it. Having been proved to
have existed, it is presumed to continue as long as is
usual with things of that nature. (Civil Code, sec. 776,
subd. 3.) The judgment in the action is conclusive of
every fact necessary to uphold it. The fact that the re-
spondent wrongfully constructed the ditch, raised the
embankments, and that it affected the appellant's prop-
erty injuriously in its consequences, can never be denied
in any controversy between the parties. The material
allegations of the complaint are established by the judg-
ment beyond all dispute between them, as long as it
remains unreversed. (See Freeman on Judgments, sec.
249.)

The legislative assembly recognizes this principle, pro-
vided the special remedy invoked by the appellant in
the court below, and that court had no alternative, under
the circumstances of the case, but to grant it. The rem-
edy is analogous to the common-law remedy by writ
*quod permittat prosternere,* which gave the plaintiff satis-
faction for the injury, and permitted him to demolish
the cause. To the same effect was the remedy by an
assize of nuisance, which was a writ containing the prin-
cipal facts complained of, and which commanded the
sheriff to summon a jury to view the premises, and have
the jury at the next commission of assize, and if the
assize was found for the plaintiff, he had judgment:
1. To have the nuisance abated; and 2. To recover dam-
ages. (See Jacob's Law Dict., *supra.*) Some of the
other states have adopted a similar statute. The coun-
sel for the appellant has furnished us the case of *Learned*

*et al.* v. *Castle et al.*, recently decided by the Supreme Court of California, and published in the West Coast Reporter of June 26, 1884, beginning at page 154, in which that court holds that when an action to abate a nuisance and for damages is tried by a jury, the general verdict for damages includes a finding in favor of the plaintiff upon all the issues, and the judgment, besides adjudging damages in the amount found by the jury, may order an abatement of the alleged nuisance. Under the statute of this state, the order is made after judgment upon motion, but aside from that the two acts are substantially alike.

The respondent's counsel suggested on the argument that the motion for the order that the writ issue, having been filed with the motion for judgment, it was prema-ture. This raises a question of regularity simply, that should have been made in the Circuit Court. The re-spondent, by appearing in opposition to the motion, without objection, waived the irregularity, if there were any.

The appellant's counsel seemed to apprehend that some importance might be attached to the fact that the license from the city of Salem to construct the ditch had been pleaded as a defense, but I cannot see that that is at all material. The judgment, as far as the proceeding to abate a nuisance is concerned, is conclusive that there was no such license as would constitute a defense in favor of the respondent, and whether it was pleaded as a full or partial defense is unimportant.

I think the order appealed from should therefore be vacated, and the case remanded to the court below, with directions to grant an order allowing a warrant to issue to the sheriff of Marion County to abate the nuisance alleged in the complaint.