[No. 5. Second Appellate District.—June 6, 1905.]

## T. C. HARNISS, and MAYMIE B. CLARKE, Respondents, v. F. H. BULPITT, Appellant.

ACTION TO ABATE NUISANCE—CAPACITY TO SUE—DEMURRER.—In an action to abate a nuisance caused by obstruction of a public alley, upon which plaintiff's property abuts, where there is nothing on the face of the complaint to indicate a want of capacity of the plaintiffs to sue, a demurrer upon that ground was properly overruled.

ID.—PUBLIC NUISANCE—OBSTRUCTION OF PUBLIC ALLEY—CAUSE OF ACTION—SPECIAL INJURY TO PLAINTIFFS.—Though the obstruction of a public alley is a public nuisance, yet where the complaint of the plaintiffs to abate it alleges that ingress and egress to and from the abutting property owned by plaintiff to and from the alley is prevented by the obstruction thereof by fences constructed thereon by the defendant, it states a cause of action for special injury to a private right incidental to the plaintiffs' property, different in kind from that sustained by the public at large.

ID.—MOTION FOR JUDGMENT UPON PLEADINGS.—A motion of the defendant for judgment upon the pleadings was properly denied where the complaint states a cause of action.

ID.—AVERMENT OF PUBLIC ALLEY.—The averment that the strip of ground obstructed was a public alley, and had been so used for twenty-five years as a means of ingress and egress to and from plaintiff's property, is a sufficient statement of fact, without an averment of the manner by which it became a public alley.

APPEAL from a judgment of the Superior Court of Inyo County. Walter A. Lamar, Judge.

The facts are stated in the opinion of the court.

P. W. Forbes, and White Smith, for Appellant.

S. E. Vermilyea, and Ben H. Yandell, for Respondents.

ALLEN, J.—This is an action for damages and to procure an order for the abatement of a nuisance alleged to exist by reason of obstruction by fences at both ends of a public alley in the town of Bishop, Inyo County, this state, upon which alley plaintiffs' property abuts; by which plaintiffs are deprived of the free use of their property and from going from their property out upon said alley, or through the same to Church Street, a public street in said town.

The damages were claimed on account of the depreciation in value, and by reason of being deprived of the use of said alley.

To the complaint a demurrer was interposed upon the grounds,—1. That plaintiffs had no legal capacity to sue; and 2. That the complaint did not state facts sufficient to constitute a cause of action. The demurrer being overruled, defendant answered, denying all the material averments of the complaint, other than the construction of the fences at the places designated in the complaint. The defendant further alleges that the strip of ground denominated a public alley in plaintiffs' complaint was not an alley, but the private property of defendant.

Findings and judgment went for plaintiffs, and a decree was entered enjoining the defendant from maintaining such fences or obstructing said alley. From the judgment defendant appeals.

There being nothing apparent upon the face of the complaint as indicating plaintiff's want of capacity to sue, the demurrer upon that ground was properly overruled.

The principal contention of defendant presented in his points and authorities is, that the complaint does not state a cause of action, because no injury is alleged different in kind from that sustained by the public at large. The nuisance complained of, being the obstruction of a public alley, is a public one. That plaintiff may have redress in a private action, it must appear by proper averment that the plaintiff will suffer some injury therefrom in its nature special and peculiar to him, and different in kind from that to which the public is subjected. (Civ. Code, sec. 3493; *Siskiyou Lumber etc. Co.* v. *Rostel,* 121 Cal. 513, [53 Pac. 1118].) Applying this test to the complaint, we regard it as sufficient. The allegations that ingress and egress to and from the abutting property owned by plaintiffs, upon or through the alley, is prevented by the obstruction, is an allegation of an injury to a private right incidental to private property. The owner of property abutting upon a street or alley owns the incidental rights to ingress and egress as completely as he does the property to which the rights are an incident. (*Brown* v. *Board of Supervisors,* 124 Cal. 280, [57 Pac. 82].) An infringement upon these rights is therefore a private wrong.

"When the alleged nuisance would constitute a private wrong by injuring property, or creating personal inconvenience and annoyance for which an action might be maintained in favor of the party injured, the same is none the less actionable because the wrong is committed in a manner which would render the party liable to indictment for a common nuisance." (*Wesson* v. *Washburn Printing Co.,* 13 Allen, 95, [90 Am. Dec. 181]; *Lind* v. *City of San Luis Obispo,* 109 Cal. 344, [42 Pac. 437].)

Appellant assigns as error the action of the court in denying defendant's motion for a judgment on the pleadings. The complaint stating a cause of action, there was no error in this judgment.

Appellant's final contention is, that the complaint alleging that the strip of ground was a public alley, and had been so used for twenty-five years as a means of ingress and egress to and from plaintiffs' property, was an insufficient statement of fact, in that the manner by which it became such alley was not averred; and the finding was challenged in the same regard. There is no merit in this contention. The allegation was sufficient, and the findings support the judgment.

Judgment affirmed.

Gray, P. J., and Smith, J., concurred.