Argued February 5, decided February 18, 1913.

**BERNARD v. WILLAMETTE BOX & LUMBER CO.**

(129 Pac. 1039.)

**Highways—Obstruction—Injunction—Inadequacy of Remedy at Law.**

1. The remedy for obstruction of a highway by a criminal prosecution under Section 2210, L. O. L., making such obstruc-

tion a criminal offense, is not such an adequate remedy for the protection of the rights of abutting owners as prevents equitable relief by injunction under Section 389, L. O. L., providing that, where there is no plain, adequate, and complete remedy at law, the protection of private rights or the prevention of or redress for injuries shall be by a suit in equity.

### Municipal Corporations—Public Nuisance—Suit by State or Municipality.

2. A state or a municipal corporation may maintain a suit for a mandatory injunction to compel the removal of obstructions from public streets independent of statute.

### Municipal Corporations—Public Nuisance—Remedy of Private Person.

3. The owner of a town lot suffers peculiar and special damages differing in kind from that suffered by the public by the obstruction of part of a public street immediately in front of his premises preventing ingress thereto and egress therefrom, and hence may maintain a suit in equity for its removal.

### Municipal Corporations—Sufficiency of Evidence.

4. In a suit to compel the removal of an obstruction in an alleged public highway or street, it is necessary to prove that the place obstructed is a public road or street by a preponderance of the evidence only, and it is not necessary that the existence of the street or highway should be uncontradicted as intimated in a previous case.

### Appeal and Error—Review—Presumptions.

5. In a suit to compel the removal of an obstruction from a street where the recorded plat of the town was received in evidence without objection, but a copy thereof was substituted, and sent up with the record on appeal, which copy contained no dedication of the streets, it would be presumed that the original plat was properly executed under Section 3264, L. O. L., requiring plats to be duly acknowledged and recorded in view of Section 799, subd. 34, requiring a presumption until overcome by evidence that the law has been obeyed.

### Nuisance—Public Nuisance—Remedy of Private Person—"Irreparable Damages."

6. A private party cannot enjoin a public nuisance, even though he suffers an injury differing in kind from that sustained

by the community at large, unless his detriment is irreparable, or at least not capable of full and complete compensation in damages, but the term "irreparable damages" in this connection includes wrongs of a repeated and continuing character, or which occasion damages estimable only by conjecture, and not by any accurate standard.

**Municipal Corporations—Streets—Obstructions—Rights of Abutters.**

7. The owner of a lot abutting on a street is entitled to a mandatory injunction for the removal of an elevated roadway in the street obstructing ingress to and egress from his lot.

**Injunction—Recovery of Damages Instead of Injunction.**

8. In a suit to compel the removal of an obstruction from a street which is removed after the institution of the suit, a court of equity will retain its jurisdiction to determine the question of damages.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Statement by MR. JUSTICE MOORE.

This is a suit by Charles Bernard, against The Willamette Box & Lumber Company, a corporation, to prevent and remove an alleged public nuisance and recover damages asserted to have been caused by the inconvenience. The complaint charges generally that the defendant is a private corporation engaged in manufacturing lumber and boxes at Linnton, Oregon; that on June 3, 1893, the plaintiff secured the legal title to and is now the owner of lots 3 and 4, in block 26, as indicated on the recorded plat of that town; that these lots abut upon F street which is a public highway 60 feet wide; that, after the plaintiff obtained the title to such real property, the defendant constructed an elevated railroad along F street in front of and adjacent to these lots, and also piled lumber in that street, thereby obstructing travel thereon and preventing ingress to and egress from such premises, greatly reducing their value to plaintiff's damage in the sum of $1,000.

Sig. 8

A demurrer to the complaint on the ground *inter alia* that the plaintiff had an adequate remedy at law was overruled, whereupon the answer was filed denying the material allegations of the complaint, and setting forth others as a defense.

A reply put in issue the averments of new matter in the answer, and the cause having been tried resulted in a decree as prayed for in the complaint, except that the plaintiff was awarded only $200 as damages, and the defendant appeals.    AFFIRMED.

For appellant there was a brief over the names of *Mr. George F. Felts* and *Mr. George L. Masten,* with an oral argument by *Mr. Felts.*

For respondent there was a brief and an oral argument by *Mr. M. J. MacMahon.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. It is maintained that for the redress of the injuries alleged the plaintiff had an adequate remedy at law, and, such being the case, an error was committed in overruling the demurrer. The statute declares that in all cases where there is not a plain, adequate, and complete remedy at law the protection of a private right or the prevention of or redress for an injury thereto shall be by a suit in equity. Section 389, L. O. L. The obstruction of a highway is a crime, and upon conviction thereof a sentence of imprisonment or a fine may be imposed. Section 2210, L. O. L. The remedy thus prescribed may prove inadequate where the barrier is allowed to remain notwithstanding a judgment formerly pronounced by the court upon a defendant after his conviction in a criminal action for a violation of that statute. If a party's need temporarily to impede travel on a public road seemed to him to outweigh the punishment reasonably to be apprehended for a commission of the offense, the hindrance might possibly be continued until the apparent exigency

ceased. The means thus given by the statute to prevent
the violation of a right is not an adequate remedy at law
precluding equitable intervention by injunction to
restrain the perpetration of a common nuisance. 21 Am.
& Eng. Enc. Law (2 ed.) 704. Any person whose prop-
erty is affected by a private nuisance may maintain an
action at law against the person causing the annoyance
to recover the damage inflicted, and, if a judgment there-
for be given and an execution issued thereon, a warrant
may also be obtained to abate the nuisance. Section 341,
L. O. L. It has also been intimated that the right to
recover damages for a "public" nuisance is also predi-
cated on that statute. *City of Roseburg* v. *Abraham,* 8
Or. 509. A text-writer in discussing the subject under
consideration says:

"Except in those states where special provision is made
therefor by statute, no power exists in a court of law in
an ordinary action upon the case for damages to direct
the abatement of the nuisance, after a verdict establish-
ing it. * * It is proper to say, however, that courts hesi-
tate to employ these statutory remedies, and do not gen-
erally encourage them; and parties in a proper case will
find far more easy redress for their grievances from
nuisances in a court of equity than in a court of law."
Wood, Nuisance (3 ed.), Section 843.

2. Any act of a party that trenches upon the rights
of the public may be redressed by a suit in equity insti-
tuted by or in the name of the State as an exercise of its
police power to prevent or remove a common nuisance.
The power thus vested in a State to enact laws that are
deemed to be for the general good and welfare of its
citizens, and are not inconsistent with or repugnant to its
constitution, may be delegated to and exercised by a
municipal corporation, as expressly specified or neces-
sarily implied in a city charter, which instrument emanat-
ing from the sovereign in the nature of a grant is the
measure of the authority bestowed. Joyce, Law of Nui-

sances, Sections 437, 439. The right of a State to protect and preserve its supreme political authority when it is abridged by the creation of a public nuisance is not dependent upon the statute to which reference has been made, nor does the remedy prescribed by the enactment necessarily govern the procedure to be involved. If resort cannot be had to the decrees of courts recognizing, affirming, and enforcing the principles of law relating to the government and security of persons and property, and the word "private" as used in Section 341, L. O. L., is to receive a strict construction, it might seem to follow that for any act of a party constituting a public nuisance no remedy exists. A nuisance, however, may be at the same time both public and private. The public wrong is redressed by an indictment, and the private injury by an action at law or a suit in equity. Wood, Nuisance (3 ed.) Section 674; *Fisher* v. *Zumwalt*, 128 Cal. 493 (61 Pac. 82) ; *Stamm* v. *City of Albuquerque*, 10 N. M. 491 (62 Pac. 973). The equitable maxim that wherever there is a right there is also a remedy justifies the assertion that a suit in equity can be maintained, independent of the statute, to abate a public nuisance. As a disavowal of this proposition would amount to a renunciation of sovereignty, it results that a State, or its creature, a municipal corporation when so authorized by its charter, as an exercise of its inherent police power, can maintain a suit in equity to obviate or suppress a public nuisance. It will therefore be taken for granted that the proper officers of Linnton were authorized to maintain a suit, and by a mandatory injunction could have caused to be removed an obstruction from a public street in that village, and what the persons charged with the right and duty of exercising certain functions were empowered to perform a private party who sustained a special injury, differing in kind from that suffered by the community at large from a

public nuisance, may also do *Luhrs* v. *Sturtevant,* 10 Or. 170; *Van Buskirk* v. *Bond,* 52 Or. 234 (96 Pac. 1103); *Moore* v. *Fowler,* 58 Or. 292 (114 Pac. 472).

3. The owner of a town lot suffers peculiar and special damages, differing in kind from that to which the public is subjected by the obstruction of a part of a public street immediately in front of his premises, whereby ingress and egress to and from such abutting property is prevented, and such owner may maintain a suit in equity to prevent or remove the common nuisance. *Harniss* v. *Bulpitt,* 1 Cal. App. 140 (81 Pac. 1022); *Wilder* v. *De Cou,* 26 Minn. 10 (1 N. W. 48); *Baines* v. *Marshfield & Suburban R. Co.,* 62 Or. 510 (124 Pac. 672). The complaint herein states facts sufficient to constitute a cause of suit, and no error was committed in overruling the demurrer.

It is contended that the evidence shows that the plaintiff was not entitled to equitable intervention, and, this being so, an error was committed in not dismissing the suit. The testimony discloses that the defendant owns and operates at Linnton a sawmill erected on the left bank of the Willamette River. Immediately west of the mill is First street, a public highway extending north and south. About 150 feet further west and parallel with First street is a railway. Extending from the river and crossing at right angles First street and the railroad is F street, on the north side of which one of the plaintiff's lots borders for a distance of 100 feet. This lot is joined on the north by plaintiff's other lot of the same length. The railroad grade at the crossing of F street is about eight feet above the surface of the ground immediately east of the embankment. A strip of land 50 feet in width extending along the west line of plaintiff's lots is owned by the defendant which erected on its premises a warehouse one floor of which is about 3 feet and 6 inches above the track of the railway. Extending from

the south end of such building and on a line with the floor thereof the defendant constructed to its mill an inclined roadway on which it caused to be hauled lumber which was stored in the warehouse in order to be transported on cars. This passageway bordered on plaintiff's lots, and at the southwest corner of his premises it was elevated nearly 12 feet, while at the southeast corner it was about 3 feet, so that the obstruction prevented ingress and egress to and from the south side of his property. No building has been erected on these lots, access to which could have been had from First street. The plaintiff on October 11, 1909, and in June of the next year, notified the defendant in writing that he was the owner of the real property hereinbefore particularly described, and requested it to remove the roadway but no attention was paid to the demand. It further appears from the testimony that the defendant had for some time allowed to remain in F street, immediately south of its warehouse, piles of lumber which blockaded the highway, except a narrow passage for persons, but that no lumber had been piled in front of plaintiff's lots in that street. No grade has ever been established for F street, and, if no lumber had been piled therein south of the warehouse, it is quite probable that teams could not have crossed the railroad track at that place by reason of the embankment. It also seems that the plaintiff had intended to build on his lands several tenement houses, but by reason of the elevated railway he concluded not to make such improvements. After this suit was commenced, but before the decree was rendered, the defendant removed the inclined driveway from in front of the plaintiff's lots. The foregoing is deemed to be a fair synopsis of the material testimony relating to the plaintiff's right to injunctive relief. "When the right to the use of the street," says Mr. Justice LORD in *Walts v. Foster,* 12 Or. 247, 249 (7 Pac. 24), "is admitted, or easy

of ascertainment, an injunction will be granted to restrain its obstruction by building a house thereon, in favor of adjacent owners, when such an obstruction works a special injury to them. * * But where the right to the use of the street or highway has not been established at law, or is not clear nor easy of ascertainment, but is questioned and contested on every ground on which the plaintiff puts it, not only by the answer of the defendant, but by proofs in the suit, the remedy by injunction will not be granted." See, also, *Kothenberthal* v. *City of Salem Co.*, 13 Or. 604 (11 Pac. 287).

4. In *Van Buskirk* v. *Bond,* 52 Or. 234 (96 Pac. 1103), it was ruled that a fence built across a public road was a nuisance only when it was admitted by the pleadings or it satisfactorily appeared from the uncontradicted testimony that the barrier obstructed a highway. The word "uncontradicted," as thus employed, was evidently used without the exercise of the degree of care which the importance of the case demanded, as is clearly disclosed by the opinion in another case. *Morse* v. *Whitcomb*, 54 Or. 412, 423 (102 Pac. 788: 103 Pac. 775: 135 Am. St. Rep. 832). The denial in an answer of the existence of a public highway alleged in a complaint to have been obstructed ought not to defeat equitable intervention to remove the barrier at the suit of a private party who has sustained special damages differing in kind from that suffered by the community at large by the erection or maintenance of a common nuisance. A different rule would almost place such cases beyond the pale of chancery jurisdiction, for it is safe to predict that, if the contrary doctrine were to prevail, it would reasonably be expected that a defendant who was charged in a complaint with having obstructed a public road or street would deny in his answer the existence of the highway. A plea to the merits on this subject ought to be heard and determined as any other disputed fact in a civil case,

and from a preponderance of the evidence the question of equitable jurisdiction should be ascertained. *Love* v. *Morrill,* 19 Or. 545 (24 Pac. 916) ; *Union Power Co.* v. *Lichty,* 42 Or. 563 (71 Pac. 1044).

5. The answer herein denied the averment of the complaint that F street was a public highway. In order to substantiate the affirmative of this issue, there was received in evidence at the trial the recorded plat of the Town of Linnton, and what purports to be a copy thereof has been substituted and sent up with the record. F street is represented on such assumed duplicate as a public highway. Such counterpart, however, does not contain any dedication of the streets, but, since the law requires the plat of a town to be duly acknowledged and recorded and prescribes a penalty for a failure to comply therewith (Section 3264, L. O. L.), it will be presumed, in absence of any objection to the admission of the evidence on that account, that the law has been obeyed (Section 799, subd. 34, L. O. L.) and that the original recorded plat was properly executed, and, this being so, F street is a public highway. Section 3260, L. O. L.

6. In suits by a private party to enjoin a public nuisance, it is generally held that he must not only suffer an injury differing in kind from that sustained by the community at large, but his detriment must also be irreparable, or, at least, not capable of full and complete compensation in damages. Elliott, Roads & Streets (3 ed.), Section 850. In referring to this legal principle the author there observes:

"This is no doubt a fair statement of the general rule, but the phrase 'irreparable injury' is apt to mislead. It does not necessarily mean as used in the law of injunctions, that the injury is beyond the possibility of compensation in damages, nor that it must be great. And the fact that no actual damages can be proved, so that in action at law the jury could award nominal damages only, often furnishes the very best reason why a court

of equity should interfere in cases where the nuisance is a continuous one."

The term "irreparable damages," to prevent which injunction may issue, includes wrongs of a repeated and continuing character, or which occasion damages that are estimable only by conjecture, and not by any accurate standard. *Commonwealth* v. *Pittsburgh R. R. Co.*, 24 Pa. 159 (62 Am. Dec. 372). See, also, upon this subject the notes to the case of *Dudley* v. *Hurst*, 67 Md. 44 (8 Atl. 901: 1 Am. St. Rep. 368).

7, 8. The plaintiff's right to ingress and egress to and from that street to his lots has been clearly established, and as the invasion of that right, by the construction of the elevated roadway, has also been substantiated, he is entitled to the relief demanded in the complaint. This redress cannot be defeated by the defendant's removal of the obstruction after this suit was instituted, for a court of equity, having obtained jurisdiction to grant injunctive relief, will retain the right to hear and determine the cause upon the question of damages. *Whaley* v. *Wilson*, 112 Ala. 627 (20 South. 922) ; *Fleischner* v. *Citizens' Investment Co.*, 25 Or. 119 (35 Pac. 174).

It follows from these considerations that the decree should be affirmed, and it is so ordered.          AFFIRMED.