JOSIAH L. PARRISH, Plaintiff, *v.* THOMAS STEPHENS, *et als.*, Defendants.

*Supplementary Opinion.*

An individual may have an injunction to prevent a public nuisance, when such nuisances, when created, will be an extraordinary injury to his property, irreparable in damages, or irremediable at law without a multitude of suits.

WILLIAMS, C. J.  This case was decided at the last term of this court, and a decree making the injunction perpetual rendered for the plaintiff.  The facts were then stated.  Application is now made for a re-hearing.  Defendants urge that the decree heretofore made ought to be set aside, because no injunction can be made perpetual in a case of this kind until the title to the property in dispute is ascertained at law.  Chancery, it appears to us, is quite as competent as a court at law to decide the questions involved in this case, and having once got possession of the matters in controversy, will proceed to adjust them upon principles of equity and good conscience.  If the chancellor thinks it advisable, he may send an issue of fact to a court of law, to be there tried; but such a course under our system of practice is not common, and, with little of good, is necessarily productive of delay and confusion in the proceedings.  Either party in

chancery may ask the court to have an issue of fact made up and sent to a jury for trial, but when there is no application for such an order, no ground of complaint exists because it was not made. Defendants, having acquiesced in the mode of procedure adopted by the District Court, cannot now be allowed to reverse their position, and complain of what has been done by their tacit assent, or make objections here, which, if made in the court below, might have been obviated. No rule of law imperatively requires the chancellor to take the verdict of the jury upon any question in his court, and the office of such verdict, when taken, is to advise, and not bind his judgment upon the matter in dispute. (*Story's Equity Jurisprudence, vol. 2, p.* 938.)

Defendants say further, that the decree ought not to stand, because an individual cannot interpose by injunction to prevent a public nuisance. The bill alleges that if defendants proceed with their buildings, the injury to plaintiff will be irreparable; and certain it is, that if plaintiff is entitled to the use and advantage of a public levee in front and in the vicinity of his block, the exclusive occupation of such levee by the erection of houses thereon would be greatly prejudicial to his interests. The damages to the property for purposes of trade and commerce, to which it is adapted by its location, can hardly be estimated. So long as the nuisance continued, so long would the business facilities of such property be obstructed or destroyed. There is no adequate remedy at law. Suit after suit would have to be brought by plaintiff, as the damages are forever accruing, and he would be compelled at last to submit to the wrong, or to what is less desirable, the burden of an interminable litigation. Weight ought to be given to the fact that, at the time this injunction was sued out, there was no real estate in the territory subject to execution; so that a judgment recovered for any considerable amount would hardly be collectable.

No private person can step forward, it is said, to protect the public interests in a cause of this kind, because such right is exclusively confided to the public authorities. Ad-

mitting that an individual may not obtain an injunction to prevent a public nuisance, when the injury is the same to him as to others, still the right to such remedy by an individual may exist where the injury is *much greater* to him than to other persons. Plaintiff, it appears, paid $10,000 for his property ; and any person so disposed might make such property almost valueless by erections upon the adjoining levee, if the city authorities, having the sole power to act in the matter, should decline for any reason to restrain him. Where the power to prevent such a wrong exists, the person threatened must be allowed to call it into exercise. No objection is found to the rule that an individual may have an injunction to prevent a public nuisance, where such nuisance will be, when created, an extraordinary injury to his property, irreparable in damage, or irremediable at law without a multitude of suits. (*Corning et al.* v. *Lorverre,* 6 *Johns. Ch. Rep.* 439 ; *City of Georgetown* v. *The Alexandria Canal Co.* 12 *Peters,* 91 ; *Cowler* v. *Tucker,* 19 *Vesey,* 616 ; *Brown* v. *Manning,* 6 *Hammond Rep.* 298 ; *Leberg* v. *Gallipolis,* 7 *idem,* 217.)

Defendants also insist, that if the original proprietors of Portland did dedicate the levee to the public, such dedication does not bind those who succeeded to the rights of proprietorship. To which it may be replied, that if said proprietors legally transferred any portion of their possession or title to persons, or the public, such transfers will hold good against those afterwards buying them out, for the purchasers only take what said proprietors had left to sell. The streets and levee of Portland seem to have become the property of the public in the same way, and defendants, under pretence of ownership, might as well build their houses in the one as upon the other. The present proprietors having adopted and made sales by the map or plat of the town, as laid off by their predecessors, are now estopped from saying that the streets and public grounds are not such as said map or plat shows them to be. Something has been said about the inability of the proprietors to make a dedication of land when

the title is in the United States. Whatever the effect may be upon the rights of the United States, it is clear that the proprietors might sell and transfer whatever interests they had in the land, and having conveyed them and received compensation therefor, cannot re-possess themselves of such interests at pleasure. Dedication may be made of what a man has, be it much or little, and when made and accepted, binds the maker.

So far as the question of dedication is concerned, the former opinion in this case is full enough upon that subject. Courts and juries are bound to decide questions of fact in civil cases according to the preponderance of evidence. Eleven intelligent and unimpeached witnesses testify with more or less pointedness that the levee was held out by the proprietors, and generally regarded as public property, and their testimony is confirmed by the unchanging lines of the map produced in evidence. But two witnesses appear to bolster up the opposite side. Is not the conclusion irresistible, from such an exhibition of proof, that the levee was set apart for public use? Portland was laid out for what it has come to be, the emporium for a large country; and common sense forbids us to suppose that the first proprietors intended that the commercial transactions of such a place should be carried on through the back doors and windows of shops and stores crowded along the water's edge. Public levees are almost as necessary in such towns as public streets. Much reliance is placed by plaintiff upon the case of *Irwin* v. *Dixon et al.* 9 *How.* 25; but the only point decided there is, that no dedication had been made of the land in question, and the evidence clearly supported that conclusion. We think that the cases of *Cincinnati* v. *White*, 6 *Peters*, 431; *Barclay et al.* v. *Howel's Lessee*, 6 *Peters*, 498; *New-Orleans* v. *The United States*, 10 *Peters*, 662; *Trustees of Watertown* v. *Cowen*, 4 *Paige Ch. Rep.* 510, are authorities decisively showing a dedication, where the evidence to the point is as full as it seems to be in this case.

Application denied.

DEADY, Justice, dissenting.