THE UNION BRASS MANUFACTURING COMPANY
v.
JOHN LINDSAY.

1. INJURY· FROM FAILURE TO REPAIR PREMISES—OCCUPANT LIABLE RATHER THAN OWNER.—It is a general rule that the occupant, and not the owner as such, is liable for injuries received in consequence of a failure to keep the premises in repair.

2. EXCEPTIONS TO RULE.—To this rule there are two exceptions, viz., where the landlord, by express agreement with the tenant, has agreed to keep the premises in repair, and where the premises are let with a nuisance upon them, by means of which the injury complained of is received.

3. DEFECT EXISTING AT TIME OF LEASE—BURDEN OF PROOF.—In a case where the tenant, by express agreement, was to make all necessary repairs, the landlord can not be made liable for injuries arising from want of repair, unless it is shown that the defect complained of existed at the date of the lease: and to establish this fact, the burden of proof is upon the plaintiff.

APPEAL from the Superior Court of Cook county; the Hon. R. S. WILLIAMSON, Judge, presiding. Opinion filed April 10, 1882.

This was an action on the case brought by John Lindsay, against the Union Brass Manufacturing Company, to recover damages for a personal injury received by the plaintiff, on the 19th day of June, 1881, from falling into an area appurtenant to the basement of a certain building on the northeast corner of Market and Ohio streets, in the city of Chicago, owned by the defendant. On the 13th day of May, 1881, the defendant executed to one Michael Lally, a lease of four rooms on the first floor of said building, with the appurtenances, for a term commencing on that day and terminating May 1, 1882, said lease containing an express covenant on the part of the tenant to keep the demised premises in repair during the term at his own expense. Said Lally went into possession under his lease May 13, 1881, and continued in possession up to the time of the plaintiff's injury.

It appears that on the side of the building fronting on Ohio street, there was a door furnishing a passage-way or entrance

to. the premises occupied by Lally, said entrance or passage-way being in the exclusive use and occupancy of Lally, and connecting with no other parts of the building besides those occupied by him. On either side of said door was an area about three feet wide and some ten or eleven feet deep, running along the basement of the building, said area being surrounded by railings constructed of narrow planks spiked onto the top of posts, said planks being mitered at the exterior angles, and fastened to the wall of the building on either side of the door by nails or spikes.

On the day of the injury, which was Sunday, the plaintiff, who was then living with his brother in an adjoining tenement on Market street, had been spending most of the day and evening in company with certain of the occupants of said building and others, sitting at the door-ways or on the sidewalk. At about eleven o'clock in the evening, he started from the door of the next tenement east on Ohio street, where he had been sitting in coversation with persons living there, to go to his boarding place. As he started, Mrs. Lally, the wife of said Michael Lally, who happened to be standing in the door of the premises in question, called to him, and he thereupon stepped to where she was, and as he was about entering into conversation with her, he turned his back to the railing on the right hand or easterly side of the door-way, and as he commenced leaning against the railing, or was attempting to take a seat on it, the railing gave way and precipitated him into the area, inflicting upon him an injury of considerable severity.

On the trial, the jury rendered a verdict in favor of the plaintiff for $1,700, for which sum and costs the plaintiff had judgment.

Mr. David Fales, for appellant; that where a landlord rents premises in good repair, and the tenant agrees to keep in repair, the former is not liable for injuries by reason of the tenant's neglect to repair, cited Wharton on Negligence, § 817; Addison on Torts, § 140; Payne v. Rogers, 2 H. Bl. 350; Lowell v. Spaulding, 4 Cush. 277; Chicago v. O'Brennan, 65 Ill. 160; Gridley v. Bloomington, 68 Ill. 47.

U. B. M'f'g Co. v. Lindsay.

The railing was being used by plaintiff for a purpose for which it was not intended, and the defendant is not liable for an injury resulting from such use :  Richards v. Enfield, 13 Gray, 344; Stickney v. Salem, 3 Allen, 374; Orcutt v. Kittery Point Bridge, 53 Me. 500; Stinsen v. Gardiner, 42 Me. 245.

The variance between the declaration and proof is fatal, and must preclude a recovery in this action :  Gavin v. Chicago, 97 Ill. 66; C. R. I. & P. R. R. Co. v. Todd, 91 Ill. 70; Gridley v. Bloomington, 68 Ill. 47.

Messrs. MONROE & LEDDY, for appellee; that suffering premises to be constructed or become unsafe, is a nuisance, and if a landlord demise premises in that condition, he is liable for injuries resulting therefrom to third persons, cited Stephani v. Brown, 40 Ill. 428; Gridley v. City of Bloomington, 68 Ill. 47; Severin v. Eddy, 52 Ill. 189; Hayward v. Merrill, 94 Ill. 349; Reichenbacher v. Pahmeyer, 8 Bradwell, 217; Swards v. Edgar, 59 N. Y. 28; Godley v. Hagerty, 20 Pa. St. 387; Hodd v. Flight, 99 E. C. L. 377; Rosewell v. Prior, 2 Salk. 640; Waggener v. Jermain, 3 Denio, 306; Davenport v. Ruckman, 10 Bosw. 37; Chentham v. Hampson, 4 T. R. 330; Fish v. Dodge, 4 Denio, 311; Clark v. Fry, 8 Ohio St. 359; Payne v. Rodgers, 2 H. Bl. 349; Russell v. Shenten, 3 Q. B. 449.

The credibility of conflicting witnesses can be much better determined by a jury who see and hear them, than by an appellate court, and the verdict will not be disturbed unless it is a manifest perversion of justice: C. & A. R. R. Co. v. Shannon, 43 Ill. 338; Stickle v. Otto, 86 Ill. 161; Gill v. Crosby, 63 Ill. 190; Hope Ins. Co. v. Lonergan, 48 Ill. 49; McKichan v. McBean, 45 Ill. 228; Keith v. Fink, 47 Ill. 272; McCarthy v. Mooney, 49 Ill. 247; Kightlinger v. Egan, 75 Ill. 141; McNellis v. Pulsifer, 64 Ill. 494; Lennon v. Goodspeed, 89 Ill. 438; Howitt v. Estelle, 92 Ill. 218; Ill. Cent. R. R. Co. v. Simmons, 38 Ill. 242; Chicago v. Crocker, 2 Bradwell, 279.

BAILEY, J.  The general rule of law is, that the occupant, and not the owner, as such, is responsible for injuries received

in consequence of a failure to keep the premises in repair. To this general rule the authorities recognize these exceptions : 1. Where the landlord has, by an express agreement between the tenant and himself, agreed to keep the premises in repair, so that, in case of a recovery against the tenant, he would have his remedy over against the landlord. There, to avoid circuity of action, the party injured by the defect and want of repair may have his action in the first instance against the landlord. 2. Where the premises are let with a nuisance upon them, by means of which the injury complained of is received. Gridley v. City of Bloomington, 68 Ill. 47; City of Chicago, v. O'Brennan, 65 Id. 160; 1 Thompson on Neg. 317, and cases cited in notes.

It is not pretended that this case comes within the first of these exceptions. There was no agreement by the landlord to repair, but, on the contrary, the tenant expressly agreed to keep the premises in repair at his own expense. It follows that unless the plaintiff has succeeded in showing that, at the date of the lease, the defect in the railing by means of which he received his injury was in existence, the judgment in hi favor can not be sustained.

It can not be disputed that, at the time the plaintiff was injured, the railing, at the place where it was nailed to the building, had become loosened and detached, and that it was then insufficient to protect persons who might chance to lean against it from falling into the area. But its want of repair at that date did not render the defendant liable, unless it appears that it was defective and insufficient at the date of the lease, and the burden of proving that fact was on the plaintiff. At the date of the injury the tenant had been in possession thirty-seven days. Mrs. Lally testifies that about two or three weeks prior to that date, she discovered that the railing had sprung apart at the corner where it was mitered, so that she could lay her finger in the joint, and that she pressed it together, but did nothing more by way of repairing it. She further testifies that the railing was fastened to the building by only three small nails driven into the siding. The plaintiff also testifies that some four or five weeks after the accident, he examined the railing

and found that it was " nailed to the side of the house with two little bits of nails in it—the same as these soap-box nails." This was, in substance, all the plaintiff's evidence, tending to show the condition of the railing at the date of the lease.

The defendant on the other hand, produced as witnesses two carpenters, who testified that they put up the railing in October or November, 1880, and that it was put up in a substantial manner; that it was put up for a hand-rail, and not as a seat for persons to sit upon; that it was fastened to the building by at least two spikes or twenty-penny nails, driven into the studding, and also one or more ten-penny nails. The former tenant, who was in possession at the time the railing was put up, testifies that it was well and substantially put up, and that when he left, which was May 4, 1881, it was not at all loosened. The occupant of an adjoining tenement testifies to being very familiar with the railing; that it was apparently in good condition, and that he had heard or observed nothing to the contrary prior to the plaintiff's injury. The defendant's president, and also its agent, who had general oversight of said building, and who executed the lease to Lally, both testify to about the same facts.

In view of the foregoing testimony, another fact appearing in evidence, and about which there seems to be no conflict, possesses no little significance, and that is, that prior to the accident and after the lease to Lally, various persons were in the habit of using the railing in question as a seat. This fact tends strongly to corroborate the evidence of the defendant's witness as to the manner in which the railing was originally constructed, as well as its condition, down to a period subsequent to the demise to Lally, and also furnishes a reasonable hypothesis upon which its giving way at the time the plaintiff was injured, may be accounted for.

In view of all the facts appearing in the record, we think the preponderance of the evidence as to the condition of the railing at the date of the lease, is clearly against the plaintiff, and for that reason the judgment must be reversed and the cause remanded for a new trial.

Judgment reversed.