Argued January 25, decided February 7, 1911.

### BOURNE *v.* WILSON-CASE LUMBER CO.

[113 Pac. 52.]

NUISANCE—PUBLIC NUISANCE—INJUNCTION—RIGHTS OF PRIVATE PARTIES—JUDGMENT AT LAW—NECESSITY.

1. A judgment at law, declaring certain acts of defendant a nuisance, is not a condition precedent to a suit for an injunction by one who suffers special injury from its continuance; equity having concurrent jurisdiction with courts of law over continuing nuisances.

NUISANCE—PUBLIC NUISANCE—RIGHTS OF PRIVATE PERSONS—SPECIAL INJURY.

2. Where defendant, a sawmill company with a mill located in the gulch directly below plaintiff's residence property, maintained a waste

fire there which cast ashes and cinders over on plaintiff's property, from which fire also escaped twice and spread to plaintiff's property, destroying fencing and trees and shrubbery, plaintiff suffered sufficient special injury to entitle him to sue to enjoin continuance of the nuisance.

NUISANCE — PUBLIC NUISANCE — INJUNCTION — JUDGMENT — RELIEF
    AWARDED.

3. In formulating an injunction against a public nuisance at the suit of a private person, the comparative injury caused by the decree to the parties may properly be considered, except that the rule will not apply to control the court as against acts essentially tortious in their nature.

NUISANCE — PUBLIC NUISANCE — INJUNCTION — JUDGMENT — RELIEF
    AWARDED.

4. An injunction against the further maintenance of the waste fire for defendant's sawmill, which enjoins the burning of waste products on any part of defendant's land between the sawmill and plaintiff's property, or within 500 feet of palintiff's property, is too onerous, and must be modified by inserting an exception in favor of a suitable furnace or appliance which will effectually prevent ashes, cinders, etc., from being cast on plaintiff's premises, and which will properly confine the fire.

From Columbia: THOMAS A. MCBRIDE, Judge.

Statement by MR. JUSTICE BURNETT.

Plaintiff, J. B. E. Bourne, alleging himself to be the owner of certain improved real property in the city of Rainier whereon are situated two dwelling houses with sundry fruit trees, shade trees, and fencing, complains, in substance, that, while he was absent from home about two years prior to the commencement of the suit, the defendant built a sawmill in a gulch adjoining his property and about 200 feet from it, and in the operation of said mill conveyed the sawdust, slabs, and like waste products of the mill to a spot about 50 feet from the plaintiff's premises, and has since then, except when the mill was shut down for repairs, kept a continual fire at that point burning up such waste; that by reason thereof the ashes, burning cinders, shavings, sawdust, and smoke are constantly carried by the wind and deposited on plaintiff's property and his houses, fruit trees, shade trees, and fencing; that the fire has escaped at different times and burned some of his fencing and fruit trees, and is a continual menace to the enjoyment of his prop-

erty. He further claims that he has been damaged in the sum of $500, and, if the acts of the defendant are allowed to continue, he will suffer gross and irreparable damage. His prayer is "that defendant be enjoined from burning the waste products of its said sawmill, such as sawdust, slabs, edgings, shavings, etc., on any portion of that certain piece of land in defendant's possession situate above defendant's sawmill and lumber yard, and plaintiff's said property or within five hundred feet of plaintiff's said property," and further asks for judgment against the defendant of $500.

The answer admitted the corporate character of the defendant, and otherwise denied "each and every material allegation in all other paragraphs in said complaint."

The circuit court heard the cause on the 15th of October, 1908, and on the 27th of April, 1909, entered its decree, finding that the "burning of the waste products of the defendant's mill in the manner and place in which and where it is now done constitutes a nuisance, and that the plaintiff has suffered damages in the sum of $100 from the said nuisance." The court further decreed "that the said nuisance be removed by the defendant within three months from the date hereof, and that, after the period of three months from this date, the defendant be perpetually enjoined and restrained from burning the waste products of its said sawmill, such as sawdust, slabs, edgings, shavings, etc., on any portion of that certain piece of land in defendant's possession situate between defendant's sawmill and lumber yard and plaintiff's said property, or within 500 feet of plaintiff's said property in the city of Rainier, Columbia County, Oregon, and that plaintiff have and recover from defendant the sum of $100 and his costs and disbursements in this suit, taxed at $52." From this decree the defendant has appealed.

MODIFIED.

For appellant there was a brief over the names of *Messrs. Bauer & Greene,* with an oral argument by *Mr. Thomas G. Greene.*

For respondent there was a brief and an oral argument by *Mr. A. B. Taylor.*

MR. JUSTICE BURNETT delivered the opinion of the court.

From the testimony reported here it appears that the sawmill in question is located in a gulch running from south to north into the Columbia River in the town of Rainier. Plaintiff's property is situated on a bluff about 40 or 50 feet above the level where the mill and slab fire are situated. The fire, as managed by the defendant, escaped, and, spreading through the brush adjoining plaintiff's premises, burned his fences twice, totally destroying one apple tree and injuring other shrubbery and trees. The draft from the fire continually carries up into the air sawdust and cinders, and deposits them promiscuously over the houses and garden of the defendant on said premises. There are two small houses on plaintiff's premises renting from $8.00 to $10 per month when occupied, and valued by the different witnesses at from $350 to $700. The defendant's sawmill proper represents an investment of $24,000, and the defendant has sufficient other capital embarked in the enterprise to make the total investment of $50,000. In the prosecution of its business it employs continually about 75 men in the mill and in the woods. Its pay roll averages from $175 to $200 per day, and it has an output of from 175,-000 to 200,000 feet of lumber per day.

1. It is contended by the defense that, the plaintiff having a plain, speedy, and adequate remedy at law, his suit in equity will not lie in the first instance, nor until he has established at law the fact that the defendant maintains a nuisance in the manner and form complained of. Equity, however, has concurrent jurisdiction in a

case of continuing nuisance working special injury to a plaintiff not suffered in common with other persons: *Fleischner* v. *Citizens' Investment Co.,* 25 Or. 119 (35 Pac. 174) ; *Sullivan* v. *Jones & Laughlin Steel Co.,* 208 Pa. 540 (57 Atl. 1065: 66 L. R. A. 712).

2. It is elementary that an injunction will not lie at the suit of a private person against a public nuisance unless the complainant has experienced some special injury arising therefrom which is not common to the general public. In this case, however, the testimony discloses that the plaintiff has suffered special injury peculiar to himself, in that his trees are damaged and destroyed, besides the deposits of sawdust and cinders, all happening on account of the way in which the defendant has carried on the burning of its waste products. The evidence is plain that, unless prevented, the defendant will continue the management of its business as in the past, and it follows that like conduct on the part of the defendant will probably produce like results in the future. Hence, under the authorities above mentioned, the suit of the plaintiff is well founded.

3. The question then is: What decree will the court make so as to preserve the rights of the plaintiff in the reasonable enjoyment of his property and at the same time not operate oppressively upon the defendant? In such cases it is always proper to consider the comparative injury which such an order will produce upon both parties, with this qualification, however, that comparative injury will not control the court as against an act or series of acts essentially tortious in their nature: *American Smelting & Refining Co.* v. *Godfrey,* 158 Fed. 225 (89 C. C. A. 139: 14 Am. & Eng. Ann. Cas. 8, and notes) ; *Bliss* v. *Anaconda Copper Mining Co.,* (C. C.) 167 Fed. 342.

4. The basic principle is that the rights of the poor and humble, however small their property may be, are as

sacred in the eyes of a court of equity as the vast posses-
sions of the wealthy and powerful. But equality is equity,
and the maxim that one should use his own so as not to
injure another applies as well to the small owner as to
the large owner, and each should be protected in the rea-
sonable enjoyment of his own. The difficulty is not so
much in ascertaining the abstract principle as in making
a concrete application of the same, and each case must
depend largely on its own particular facts. There is no
allegation in the answer about the situation and condition
of defendant's property, and the evidence on that sub-
ject is almost as meager. We are of the opinion, how-
ever, that enough is shown to make a case for the injunc-
tion, so that the same should be retained in some form,
yet in such terms as to make it bear with as little rigor
on the defendant as possible, consistent with the preser-
vation of the rights of the plaintiff. The decree almost
in the very words of the prayer of the complaint per-
petually enjoins and restrains the defendant from burn-
ing the waste products of its sawmill on any portion of
the land in its possession situated between its sawmill
and the plaintiff's property, or within 500 feet of plain-
tiff's property. This would exclude the use of the most
approved furnace made for such purposes at any point
within 500 feet of the plaintiff's premises, and it may be
possible that 500 feet from the plaintiff's property would
be outside of the defendant's property. The decree should
be modified in part so that the defendant should be
enjoined from burning the waste products of its sawmill
at any place within 500 feet of the plaintiff's premises
except in such a furnace or other appliance as will effec-
tually prevent cinders, ashes, sawdust, and other material
from escaping and being deposited on plaintiff's land,
and so confine the fire that the same will not spread to
palintiff's real property described in his complaint. Owing
to the paucity of the evidence on that subject, the court

cannot here enter a definite decree, and can only point out in general terms the modification desired.

The decree of the court below will therefore be modified in accordance with the principles here announced, and the cause remanded, with leave to either party to apply to the circuit court upon such showing as may seem proper to the court for an order in the premises giving specific effect to this decision.          MODIFIED.