Argued December 1; affirmed as modified December 21, 1943

## LINDLEY *v.* HYLAND ET AL.

(144 P. (2d) 295)

Before BAILEY, Chief Justice, and ROSSMAN, KELLY, LUSK and HAY, Associate Justices.

*S. M. Calkins,* of Eugene (Calkins & Calkins, of Eugene, on the brief) for appellants.

*Day T. Bayly,* of Eugene (James M. Blackford, Jr., of Eugene, on the brief) for respondent.

KELLY, J. Plaintiff, being the owner of lots 1, 2, 3 and 4 of block 24, of Riverwood, a platted district adjacent to the corporate limits of Eugene, Oregon, and maintaining a residence thereon of the approximate value of $4,000, instituted this suit against defendants Wilbur H. Hyland and Daisy S. Hyland, his wife, and Dorilla J. Sommers, their partner, to enjoin and restrain defendants from burning shavings, sawdust and planing mill refuse upon premises, owned by defendants Hyland in proximity to plaintiff's residence; and for judgment for damages in the sum of $500.00. The trial court entered a decree enjoining and restraining defendants from hauling upon the premises, described in the complaint, and burning thereon, sawdust, shavings and other sawmill and planing mill refuse of any character; and the trial court also directed each party to pay their own costs.

The record discloses that defendants, under the firm name of Eugene Planing Mill, were operating two planing mills situated about a half of a mile from block 20 of the Hyland's Riverwood property. Prior to May 15, 1942, defendants were burning shavings along the north line of block 19 in Riverwood. Upon complaint of plaintiff, defendants discontinued those fires on May 15, 1942, from which date until November, 1942, defendants hauled shavings from their mills and dumped and burned them on block 20 of the Riverwood tract, which block, as stated, was owned by defendant Wilbur H. Hyland. This burning was in a depression at about the center of said block 20, which, according to the scale noted on the plat of Riverwood, is about 570 feet west and south on an airline from the residence of

plaintiff. Block 19, of Riverwood, is immediately east of said block 20 and in the center thereof defendants Hyland maintain their residence.

■■ As we understand the testimony, it preponderates in support of plaintiff's claim that much of the time the smoke and cinders from defendants' burning shavings enveloped and permeated plaintiff's residence in such a way as to constitute a nuisance. In that respect, we concur with the learned trial judge.

No appeal has been prosecuted by plaintiff and hence we cannot award him damages, although we think that he has suffered damages because of the smoke from defendants' fires. In other words, we think that plaintiff has shown that he is entitled to injunctive relief.

■ The decree rendered by the trial court, however, is too inclusive. By its terms, it enjoins and restrains defendants from hauling upon their premises and burning thereon sawdust, shavings and other sawmill and planing mill refuse of any character.

The maintenance of an open fire, with no device or apparatus controlling the course of the smoke should be enjoined; but when reasonably controlled by means of a furnace or other appliance which will effectively prevent cinders from escaping and being deposited on plaintiff's property and will divert the smoke so that it will not envelope and permeate plaintiff's residence in such a way as to constitute a nuisance, the burning in that way by defendants of the material mentioned should not be included in an injunctive order. *Bourne v. Wilson-Case Lumber Co.,* 58 Or. 48, 113 P. 52, Ann. Cas. 1913A 245. The decree of the trial court should be modified accordingly and it is so ordered.

It is further ordered that neither party recover costs on this appeal.