MILDRED SEGARRA BOERMAN, Plaintiff and Appellant, v. FRANCISCO VILARIÑO ET AL., Defendants and Appellees.

No. R-62-155.          Decided April 28, 1965.

[2] *Roig* v. *Secretary of the Treasury*, 84 P.R.R. 141 (1961).

*Francisco Vázquez Gutiérrez* for appellant. *Práxedes Álvarez Leandri* for appellees.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE RIGAU delivered the opinion of the Court.

This is a possessory injunction. In the title devoted to possession, the Civil Code provides in § 370 (31 L.P.R.A. § 1444) the following:

"In no case can possession be forcibly acquired so long as a possessor is opposed thereto. Any person who believes that he has a right or action to deprive another of the holding of a thing, shall petition the assistance of the competent authorities, provided the holder refuses to deliver up the said thing."

And in § 375 (31 L.P.R.A. § 1461) the same Code provides:

"Every possessor has a right to be respected in his possession; and if he be disturbed therein, he shall be protected or reinstated in such possession by the means established in the laws of procedure."

Those provisions are, of course, based on reasons of public policy. Their purpose is to maintain peace, and they

proscribe the use of force and violence as means of settling conflicts of possession.[1] Our laws of procedure provide the means to protect or reinstate the disturbed possessor in his possession. See §§ 690–95 of the Code of Civil Procedure (32 L.P.R.A. §§ 3561–66), which remained in force by the provisions of Rule 72 of the Rules of Civil Procedure, relative to injunctions for retention or recovery of possession of real property. The first of those sections reads:

"An injunction for the retention or recovery of material possession of real property shall be granted on petition of the interested party provided he shows to the satisfaction of the court that he has been disturbed in his possession or tenancy of said property by acts showing intention of disturbing or depriving him of such possession, or when he has already been deprived of said possession or tenancy." Section 690, 32 L.P.R.A. § 3561.

Mildred Segarra Boerman, plaintiff-appellant herein, filed an action against Francisco Vilariño and Ponce Real Estate Corporation which she entitled "Injunction for Retention of Possession and Other Particulars."[2] She alleged that she is the owner of an occupied lot where the Fox-Delicias Theater of Ponce is situated, which lot fronts Muñoz Rivera Park of that city and bound on the east by a lot which was vacant on the filing date of the complaint, formerly owned by Francisco Vilariño and afterwards by Ponce Real Estate Corp., of which Francisco Vilariño is principal stockholder and secretary and in charge of the acts and administration of such corporation. Plaintiff alleged further that "codefendant Frank Vilariño, by himself and in representation of Ponce Real Estate Corp., dispossessed plaintiff of a strip of land more or less one meter wide by three meters long which forms part of the lot described in the foregoing second alle-

---

[1] On possession of personal property, see §§ 393–95 of the Civil Code, 31 L.P.R.A. §§ 1479–81.

[2] We refer to the amended complaint.

gation, and that about seven months ago he demolished a wall which marked the eastern boundary between plaintiff's lot and codefendant's lot, thereby illegally appropriating to himself the said strip of land joining it to his own lot, although without building any wall or fence to mark the boundary between plaintiff's building and defendants' lot."

She further alleged that the approximate value of the demolished wall was $3,000; that she has repeatedly made demands to defendants to replace the wall, which they have refused to do; and that she has been in possession of the parcel or strip of land in question as its sole and legitimate owner since the year preceding the filing of the complaint, having lawfully possessed the same since 1943 when she purchased it.

Plaintiff prayed the court to order defendants (1) to construct a party wall in the same place where the former stood, otherwise to pay to plaintiff the cost of the wall which she estimated at $3,000; (2) to reinstate plaintiff in the parcel of land in litigation; (3) to refrain from interfering with plaintiff's right of possession and of ownership over the said parcel; and (4) to order defendants to pay the costs and plaintiff's attorney's fees.

Defendants answered denying practically all the allegations of the complaint and, specifically, the possession alleged by plaintiff. The trial was held and three days later the trial judge made an inspection.

By judgment of November 27, 1961, the trial court dismissed the complaint. After a hearing on the motions on additional findings of fact and for reconsideration filed by plaintiff at which hearing defendants did not appear, the court entered an order on May 8, 1962, denying both motions.

In his judgment of November 27, 1961, after labelling the evidence presented as "substantially nonconflicting," the trial judge made the following findings of fact: (1) that plaintiff is the owner since 1943 of the lot described in her

amended complaint; (2) that Ponce Real Estate Corporation is the owner of the lot bounded on the east by plaintiff's lot; (3) that Ponce Real Estate Corp. acquired the said lot from Corporación 5 & 10 Vilariño, Inc., on March 18, 1960; (4) that Corporación 5 & 10 Vilariño acquired the same on March 5, 1960, from Alfredo Sambolín Pérez, owner of the lot since 1945; (5) that neither the complaint nor the evidence presented duly identified the parcel of land object of the injunction; and (6) that there exists a controversy between the parties as to whether the strip of land in question forms part of plaintiff's lot or of defendants' lot.

As conclusion of law, the judge held:

"We believe that possessory injunction is not the adequate remedy for elucidating this controversy at this time when the identification signs, marks and objects which could have furnished some fundamental guidance for the solution of the case have disappeared. Evidently, under the concurring circumstances the parties should resort to the ordinary action to assert their right and decide definitively the controversy."

Based on the foregoing findings of fact and conclusions of law, the Superior Court dismissed the complaint.

In his Order of May 8, 1962, the trial judge, after summing up the oral evidence presented, and contrary to what he had said in his judgment of November 27, 1961, said that "there are fundamental contradictions" as to the area and location of the strip of land in dispute. Regarding the disclosures of the inspection, he wrote, in part, the following:

"The inspection which we made subsequent to the hearing did not disclose anything important respecting the identification of the place in dispute, except that on a small area of the sidewalk in front of the building of Ponce Real Estate and near the present wall which divides the properties of the litigants, the undersigned judge was able to observe broken and cracked orange tiles which were of the same style, color, and size as those which were inlaid in front of the building of Fox Delicias Theater. He was also able to notice that a commercial building

was nearing completion on the vacant lot which Sambolín sold to defendant."

The trial judge further said in his order that there should be considered not only whether plaintiff was entitled to protection at the time of interposing her complaint, but also the facts and circumstances concurring on the date the trial was held and the inspection made. He adds that the original conditions prevailing in the area in dispute at the time of filing the complaint varied substantially in the course of the trial. "This being so," says the trial judge, "we believe that this is a case in which the rule of balance of convenience should be applied. At present the issuance of an injunction would result in hardly any benefit to plaintiff and could cause serious injury to defendants or to a third party who may be established at that place. Plaintiff should therefore resort to the corresponding ordinary action to elucidate definitively the right to the possession of the strip of land in dispute, and claim also the damages which the usurper could have caused her by depriving her of the possession of the land. For the reasons stated, the court denies the Motion for Making Additional Findings of Fact and the Motion for Reconsideration."

Plaintiff assigns the following errors: (1) the judgment is absolutely contrary to the evidence presented, since the identity of the strip claimed as well as the possession thereof by plaintiff appears therefrom and from the inspection; (2) the court erred in considering that it was necessary to determine to whom the land in question belonged; (3) in finding that there were fundamental contradictions on the identification of the land in dispute; (4) in giving controlling weight to matters on which no evidence was heard; (5) in believing that it should consider the facts and circumstances subsequent to the filing of the complaint in order to determine whether plaintiff was entitled to the relief sought; and (6) in applying the rule of balance of conven-

ience and finding that if the injunction were issued, it would result in hardly any benefit to plaintiff and could cause serious injury to defendants or to a third party who may be established at that place.

■ ■ We have read the transcript of the evidence, the aforementioned judgment, and the order of the trial court, and the briefs for the parties. We believe that any inaccuracy in the description made in the complaint of the piece of land in dispute was cured by the evidence and the inspection. *Serrano* v. *Succession of Santos*, 24 P.R.R. 163 (1916). Both plaintiff's witnesses and defendants' witnesses referred clearly to the piece of land in dispute and were agreeable as to its location. In what one and the other were not agreed was as to who was the owner of the land. As is known, the purpose of a possessory injunction is to protect the possessor when he is obstructed and disturbed, and no question of title may be determined therein. *Rodríguez* v. *Suárez*, 71 P.R.R. 681 (1950); *Rivera* v. *Cancel*, 68 P.R.R. 339 (1948); *Heirs of Maldonado* v. *Maldonado*, 43 P.R.R. 649 (1932).

Regarding the fact of the possession, without considering the question of title, the following finding of the judge at the inspection seems revealing: "In the area in dispute the court observes that there are some broken and cracked orange tiles, and the same type of tiles is at present seen and inlaid on the sidewalk in front of the Fox building in relation to the present wall which divides Ponce Real Estate from the Fox Theater where the wall referred to formerly stood."

If plaintiff was disturbed in her possession, which we believe she was, the trial court is not right in its opinion that "possessory injunction is not the remedy for elucidating this dispute at this time when the identification signs, marks and objects which could have furnished us some fundamental guidance for the solution of this case have disappeared."

Plaintiff's argument in the sense that during the inspection one could observe the foundations of the demolished wall and that the mosaics or tiles were still on the sidewalk, which indicated the point as far as which plaintiff held possession, is persuasive. It is improbable that the owner of the lot, vacant at that time, which was adjacent on the east to the lot of the Fox Theater, would incur the expense, without purpose, of laying on the sidewalk, in front of her lot, tiles of the same kind, color, and size as those which had been laid on their lot and on the sidewalk in front of the Fox Theater by those who had constructed the theater. Furthermore, assuming that such identification signs had disappeared, that fact by itself would be no ground to deny the petition. If this were so, it would be sufficient for the usurper in these cases to destroy the so-called identification signs and thus defeat the right of the possessor victim of the usurpation.

■■ The so-called rule of convenience is not applicable in a case such as this. This is not a preliminary injunction under the Rules of Civil Procedure, but rather a possessory injunction under the provisions of the Code of Civil Procedure, as stated hereinbefore. Furthermore, that Rule would not be applicable for the mere fact that, if the complaint were sustained, defendants would suffer inconveniences or expenses of greater importance than those which plaintiff would suffer if she lost this suit. *Cf. American Smelting & Refining Co.* v. *Godfrey et al.,* 158 Fed. 225 (1907); *Stuart et al.* v. *Lake Washington Realty Corp. et al.,* 92 S.E.2d 891 (1956); *McCausland* v. *Jarrell et al.,* 68 S.E.2d 729 (1951); *Hulbert* v. *California Portland Cement Co.,* 118 Pac. 928 (1911); *Bourne* v. *Wilson-Case Lumber Co.,* 113 Pac. 52 (1911); *Stewart* v. *Flinkstone,* 92 N.E. 37 (1910); *Weston Paper Co.* v. *Pope et al.,* 57 N.E. 719 (1900); Annotation, *"Pollution of stream by mining operations,"* 39 A.L.R. 891;

896; Annotation, *"Doctrine of comparative injury in suit to enjoy nuisance,"* 61 A.L.R. 924. If the facts subsequent to the usurpation would validate the same, the purpose of possessory injunctions—to maintain public peace—would be defeated and the situation would revert to a primitive situation in which the parties would have to take justice by their own hands. As suggested at the outset of this opinion, that is the situation which the system of law seeks to prevent.

The evidence established the possession by plaintiff of the piece of land in dispute during the year preceding the filing of the complaint, and that she filed the action upon being disturbed in her possession.

For the reasons stated herein, the judgment of the Superior Court, Ponce Part, of November 27, 1961, will be reversed and the order of the same court of May 8, 1962, voided and set aside; the amended complaint will be sustained; and defendants are hereby ordered to reinstate plaintiff in the piece of land object of this petition, and to refrain from interfering with plaintiff's right of possession of the said parcel of land. Defendants shall pay $500 for attorney's fees, plus the costs.