## RICHARD G. STEVENSON

63  707
a63  805
63  707
s64  219

*v.*

## J. WILLARD MORGAN.

[Filed October 3d, 1902.]

1. A motion to strike out the whole or part of a bill of complaint, under
Rule 213, is in the nature of a demurrer.

2. Where a general demurrer has been filed to a bill and has been over-
ruled, a second demurrer, or a motion to strike out either the whole or
parts of the same bill, cannot be entertained, unless special leave therefor
be first obtained from the court.

On bill for injunction, &c.   On motion to strike out parts of
bill, &c.

The bill of complaint is filed by the owner of a farm and
marl pits, who alleges that the defendant (who presently owns
a mill and dam located down stream from the complainant's
farm) has raised the height of his dam, and thus stopped the
free flow of water, at its natural level, in an ancient water
course, and, by backing, it has overflowed part of complainant's
farm and marl pits.

The bill contains an allegation that a former owner of the
farm forbade a former owner of the mill to interfere with the
natural flow of the stream, and compelled him to introduce
steam into his factory, and that at no time thereafter was the
stream raised above its natural flowage in front of complainant's
lands, until the defendant so raised it.

The bill prays an injunction against the penning and dam-
ming back of the water, &c., and a special prayer asks that the
defendant may be decreed to pay for the damages suffered by
the complainant.

To this bill a general demurrer was filed for want of equity,
and because, it was alleged, the complainant had a full and

adequate remedy at law, without naming any particular ground of demurrer, or specifying any defined part of the bill to be objectionable.

The demurrer was a challenge of the complainant's equity as exhibited by the whole bill. It was overruled, because, considering the bill as a whole, it set forth sufficient grounds for equitable relief.

An appeal was taken, and the order of this court was affirmed on the opinion here pronounced.

The complainant now moves to strike out two parts of the bill—*first,* the part which sets forth that a former owner of the farm had forbidden a former owner of the mill to interfere with the natural flow of the stream, &c.; *second,* that part of the prayer which asks a decree for damages.

On this motion to strike out the counsel of the parties were heard.

*Mr. Charles V. D. Joline* and *Mr. David J. Pancoast,* for the motion, for the defendant.

*Mr. Henry M. Snyder, contra,* for the complainant.

GREY, V. C.

The counsel for complainant insists that the present motion to strike out is equivalent to a demurrer; that a demurrer to the bill having been overruled, the defendant may not again demur to the same bill; that the terms of the statute prescribe that if a plea or answer be overruled, no other plea or demurrer shall be thereafter received, but in such case the defendant shall answer, &c. *Chancery act, P. L. of 1902 p. 519 § 24.*

The phrasing of Rule 213, under which the defendant moves to strike out portions of the bill, shows that the motion to strike out is, if made to a bill, intended to take the place of a demurrer. The purpose of the rule is to afford a speedy method of bringing the cause to an issue, without the delay attendant upon setting a demurrer down for hearing at term. It is obvious that it was not intended, in case an objection to a bill had been formally made by a demurrer, which had been set down for argu-

Stevenson *v.* Morgan.

ment, argued and overruled, that the same objection could after-wards be made to the same bill by a motion to strike out. Such a course of procedure would be a useless and vexing annoyance, and would, by repeated presentations of the same question, cause further delay, and thus defeat the very object of the rule.

A motion to strike out part of a bill of complaint, under Rule 213, must be held to be equivalent to a demurrer to the bill.

All of the books on pleading agree that, after a demurrer has been overruled, a second demurrer to the same bill will not be allowed. *Story Eq. Pl.* § *460; Mitf. Eq. Pl.* *217. This is the rule. Its propriety, indeed its necessity, in general practice is apparent.

In the present case the defendant, by framing a general de-murrer against the whole bill, asked the court to pass upon the sufficiency of the pleading as a statement of grounds for equit-able relief. The court held that the bill of complaint, taken as a whole, did state a case which entitled the complainant to relief. By the present notice to strike out, the defendant objects to par-ticular parts of the same bill, as impertinent, and as asking relief which it is not within the power of this court to give.

Considering the notice to strike out as a second demurrer to the same bill, the situation here presented is the same as that exhibited in the case of *Baker* v. *Mellish, 11 Ves.* *71. In that case a defendant had, in the first place, demurred to the whole bill. His demurrer was overruled, because too general. He then demurred to specific parts of the bill. Lord Eldon de-clared that this course of procedure could not be sustained; that the proper course, where it was desired to demur to part of a bill, in a case where a general demurrer to the whole bill had been overruled, was to obtain special leave from the court to present the demurrer to the specific parts which the defend-ant wished to question. His lordship declared that it was necessary that the court should judge whether the demurrer was the same, and seemed to have been of opinion that, where specific objections to parts of a bill have not been considered, because the demurrer was to the whole bill, leave should be given to challenge them by a second demurrer confined to those parts. Afterwards leave to demur to a particular part of the bill was

granted. *Baker* v. *Mellish, 11 Ves.* *76. In New York, although the statute of that state directs that if a demurrer is overruled no other demurrer shall be received, the statute does not prevent a second demurrer confined to a part of the bill, if special leave to file it be first obtained. *1 Hoffm. Ch. Pr. 216.*

In the present case the defendant, after his general demurrer to the bill has been overruled, seeks, by notice, to strike out specific parts of the bill, without having obtained any leave of the court again to challenge the bill by demurrer. The complainant is not noticed into court for any other purpose than the motion to strike out, and insists that the order overruling the original demurrer precludes this second challenge of the bill.

In the absence of special leave thus to question the bill a second time, the motion to strike out cannot be entertained.

An order refusing the motion will be advised.