Stevenson *v.* Morgan.

RICHARD G. STEVENSON

*v.*

JOSEPH WILLARD MORGAN.

[Filed December 2d, 1902.]

1. Allegations of facts which do not state the complainant's claim for relief, but only forefend some answer thereto, which the defendant may possibly make, ought not to be set out in the bill of complaint.

2. Claims for unliquidated damages are not within the cognizance of courts of equity.

3. In the cases in which unliquidated damages have occasionally been awarded in this court, they have not been the primary object of the suit, but only an incidental remedy in aid of, or in substitution for, some established mode of equitable relief.

On bill, &c.   On motion to strike out parts of bill.

*Mr. Charles V. D. Joline* and *Mr. David J. Pancoast,* for the motion, for the defendant.

*Mr. Henry M. Snyder, Jr.,* for the complainant.

GREY, V. C.

In this case a demurrer to the whole bill of complaint was overruled because too general. *Stevenson* v. *Morgan, 52 Atl. Rep. 1122.* A motion was then made to strike out parts of the bill. This, also, was overruled, because it was in the nature of a demurrer, and a second demurrer could not be entertained

unless special leave therefor were first obtained. *Stevenson* v. *Morgan, 53 Atl. Rep. 78.* Special leave has since been obtained.

The present motion is to strike out the two clauses of the bill of complaint hereinafter recited.

The general purpose of the bill is to restrain the defendant from further damming and causing the water in a creek to flow back, and to compel him to lower his dam to its original heights as it was prior to the year 1901.

Incidentally to his statement of his case the complainant's bill contains this clause:

"And your orator is informed, and believes it to be true, that the said Charles Stevenson, forbid and prohibited the former owner of said Good Intent Mills from in any way interfering with the use and enjoyment of the said natural flow of said creek, and compelled the introduction of steam in a factory at Good Intent, when the owner or proprietor of said factory threatened to raise the height of said stream, and that at no time hereafter has the said stream raised above its natural flowage in front of the lands of your orator, until the same were raised by the said Joseph Willard Morgan."

The bill also recites several incidents of damage, caused by the back flow of water over the complainant's meadow lands and marl pits, and contains the following special prayer:

"And that he may pay unto your orator such reasonable sum of money for the damages suffered and sustained by your orator as may be decreed."

The defendant, on special leave given for this purpose, has noticed the complainant of a motion to strike these two clauses from the bill of complaint.

As to the first clause challenged, the complainant's counsel explains that it was inserted in the bill in anticipation of some defence of adverse user which the defendant might make in support of his raising of the dam.

A bill of complaint sufficiently states the complainant's equity when it contains allegations which, on their face, would, if true, entitle the complainant to the relief prayed. Allegations of facts which do not tend to support the complainant's primary claim to relief, but only to forefend some possible answer thereto

which the defendant may make, ought not to be set out in the bill. Proof of such facts may be pertinent at the hearing if the defendant should set up the anticipated defence and issue were joined thereon by the replication. The recital in the bill of complaint of facts which might be pertinent to possible defences disarranges the proper order of pleading, and leads to a prolixity which it is the purpose of all modern rules to avoid. No prayer for discovery is directed to this allegation, and it is obviously inserted in the bill for the reasons suggested by complainant's counsel—that is, to forefend an anticipated defence. It will in no way injure the complainant's case to strike it out.

The special prayer which the defendant challenges asks that this court shall make a decree that the defendant shall pay "for the damages suffered and sustained" by the complainant.

The damages referred to appear, on the face of the bill, to have been inflicted prior to its filing. The injury suffered was then completed. A single suit at law would then, and will now, ascertain what damages, if any, should be recovered for that injury. By the present equity suit the complainant seeks an injunction against a further overflow. His special prayer asks that unliquidated damages may be awarded to him in this court for injuries caused by past overflows. The equitable relief of injunction against future overflows and the right to recover damages for past overflows are not parts of the same cause of action. Each may be prosecuted separately from the other.

The court of appeals has several times declared that the court of chancery cannot entertain a claim for the recovery of unliquidated damages. *Trotter* v. *Heckscher, 13 Stew. Eq. 656; Alpaugh* v. *Wood, 18 Stew. Eq. 157;* and recently in the case of *Norton* v. *Sinkhorn, 18 Dick. Ch. Rep. 313,* Chief-Justice Depue, speaking for that court, declared this principle to be well settled.

In the cases which award such damages in this court they have not been a primary object of the suit, but only an incidental remedy in aid of, or in substitution for, some established mode of equitable relief.

In a suit for specific performance, where the defendant was found to be unable specifically to perform the whole of his contract, damages were here ascertained and awarded in satisfaction

of the unperformable portion. *Kings* v. *Ruckman, 6 C. E. Gr. 606 (Court of Appeals)*. In the case of *Sparks* v. *Newton, 12 Dick. Ch. Rep. 367,* and, on appeal, *15 Dick. Ch. Rep. 399,* damages were ascertained in substitution for an injunction restraining the permanent diversion of flowing waters from their natural course. In *Simmons* v. *Paterson, 13 Dick. Ch. Rep. 1,* and, on appeal, *15 Dick. Ch. Rep. 385,* where it appeared that the enforcement of the equitable remedy of injunction would work great injury to the defendant, it was suggested that damages might be asked for in substitution for the restraint. So, where a bill was filed for specific performance, and it appeared to be uncertain whether a contract had actually been made, and apparently values had been induced to be passed by fraud, the court of appeals, though reversing a decree for specific performance, retained the bill, and ordered an accounting, which involved the ascertaining of unliquidated damages as a recompense for the values fraudulently obtained. *Anderson* v. *Eggers, 18 Dick. Ch. Rep. 264.* It is also a common practice to retain a cause in equity until some element of it, involving the ascertainment of unliquidated damages, has been determined at law. These exceptions to the above-stated rule have not abrogated it.

The complainant in the case now under consideration asks this court to award to him unliquidated damages for a past trespass, the right to recover which was complete at the time of the filing of the bill, and might then, and may now, be enforced in a single suit at law, if the alleged wrong was actually done. Such a case is not within any of the decisions which allow the ascertaining and awarding of unliquidated damages in equity.

The special prayer, above criticised, should be stricken out.

Previous orders in this cause require that an order upon the defendant to plead or answer shall be made. The order striking out the objectionable parts of the bill should contain a clause that the defendant plead or answer to the corrected bill within fifteen days from the date of that order, and that the cause proceed according to the practice in this court.