Michael J. Reynolds, et al.
vs.
Cohn & Rosenberger, Inc.
} Eq. No. 11753.

April 24, 1933.

BAKER, P. J. This matter is heard on the motion of the respondent that the prayer in the bill of complaint asking for the assessment of damages be struck therefrom.

In the bill the complainants seek to enjoin the respondent from operating certain power hammers or drops and ask for the assessment of damages by way of further relief.

The complainants in answer to the motion urge that the general rule: where equity takes jurisdiction of a controversy it will proceed to decide the whole issue and award complete relief, applies to the case at bar.

See Bellini vs. Neas, 50 R. I. 283.

The complainants further contend that the rule operates particularly in

cases of waste and of private nuisance and that in a suit to restrain the operation of a nuisance, it is proper for a complainant to unite with his prayer for an injunction a prayer for damages.

> Vol. 1, Pomeroy's Equity Jurisprudence, 4th ed. Secs. 231, 237;
> Vol. 14, Ency. Pl. & Pr., 1146.

Many courts have held that a complainant may recover damages as incidental to the main equitable relief prayed for, in cases of the same type as the one now before the Court.

> *Williams* vs. *N. Y. Central R. R. Co.*, 16 N. Y. 97;
> *Fleischner* vs. *Citizens Investment Co.*, 25 Ore. 119;
> *Hurlburt* vs. *McKone*, 55 Ct. 31; Vol. 21, C. J., pp. 141, 142.

In this State the Court recognizes the principle that damages may be awarded a complainant in a bill seeking an injunction although the case in question is somewhat dissimilar to the case at bar on the facts.

> *Lewis* vs. *Town of North Kingstown*, 16 R. I. 15.

The respondent in support of its motion accepts the general rule above set forth but urges that cases in which damages are assessed in equity following injunctive relief are very exceptional; that the case before the Court is not one of the type where such relief should be given; that on the question of damages the complainants have a clear and adequate remedy at law before a jury, and that the decision of our Court in the case of *Barnes* vs. *Roy & Son*, 27 R. I. 534, is determinative of the question before the Court. This case was later affirmed by the Court in *Manville Covering Co.* vs. *Babcock*, 28 R. I. 496, in which case the Court permitted a claim for damages to stand because of the trust relationship involved, which brought about a clear equitable jurisdiction in the Court, and the former case of

*Barnes* vs. *Roy & Son, supra*, was distinguished because in that case it did not appear clearly that the damages claimed arose out of any equitable relation existing between the parties but were simple and compensatory.

In the case of *Barnes* vs. *Roy & Son, supra*, the complainants sought to enjoin the respondents from competing in a certain business. Later the bill was amended so as to ask for damages. The Court held that even if substantial damages were set forth, a Court of equity would not, on such a case as this, entertain the suit for the purpose of awarding damages. There are in that case indications that the principal relief desired was compensatory and that the equitable relief was more or less incidental, and that would seem to be the basis for the finding.

The respondent also calls the Court's attention to the case of *Stevenson* vs. *Morgan*, 53 Atl. 677 (N. J.), which in general supports its contention that a prayer for damages in a bill such as the one now being considered should be struck out.

Examination of the authorities seems to show that the rule in New Jersey as to the assessment of damages in a case of this type is somewhat limited and that the rule there is not as broad as is commonly accepted elsewhere.

> Vol. 21, C. J. p. 139.

After careful consideration, the Court has come to the conclusion that the allegations of the bill of complaint show a situation where the damages asked for are in addition to or an incident of special equitable relief and are not merely compensatory. That being so, it appears to the Court that the case at bar does not fall within the rule laid down in the case of *Barnes* vs. *Roy & Son, supra*, but more clearly resembles the authorities called to the Court's attention by the complainants in which damages have been

awarded in cases of private nuisance when coupled with equitable relief. A serious question might well arise as to whether the bill would be retained for the assessment of damages alone if the prayer for injunctive relief fails, but this question cannot be determined until the Court has heard the evidence.

The Court is of the opinion that at this time the prayer for damages should not be stricken from the bill and the respondent's motion is denied.

For complainant: Thomas P. Corcoran.

For respondent: Francis I. McCanna.